J-S61035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JESSICA LYNNE WARD, | : | |
| | : | |
| Appellant | : | No. 265 WDA 2016 |

Appeal from the Judgment of Sentence January 19, 2016
in the Court of Common Pleas of Clearfield County,
Criminal Division, No(s):  CP-17-CR-0000543-2015

BEFORE:  PANELLA, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 16, 2016**

Jessica Lynne Ward ("Ward") appeals from the judgment of sentence imposed following her negotiated guilty plea to one count of recklessly endangering another person ("REAP").[1]  Additionally, Curtis J. Irwin, Esquire ("Attorney Irwin"), Ward's counsel, has filed a Petition to Withdraw as Counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant Attorney Irwin's Petition to Withdraw and affirm Ward's judgment of sentence.

On May 20, 2015, Ward was charged with one count of endangering the welfare of a child, after becoming overly intoxicated while her two-year-old son was in her sole care.  On the day that jury selection was scheduled to begin, Ward entered a negotiated guilty plea to one count of REAP.  In

---

[1] 18 Pa.C.S.A. § 2705.

exchange for the plea, Ward was to receive a sentence of probation. The trial court accepted the plea.

Prior to sentencing, Ward filed a Petition to Withdraw Plea. The trial court denied the Petition, and thereafter sentenced Ward to a two-year term of probation, and ordered her to participate in alcohol and drug treatment.

Ward filed a timely Notice of Appeal, and a court-ordered Concise Statement of errors complained of on appeal.

In the **Anders** Brief, Ward raises the following questions for our review:

I. Whether the [trial court] erred when, on January 19, 2016, it denied [Ward's] Petition to Withdraw Plea and did not permit [Ward] to withdraw her negotiated plea[?]

II. Whether the [trial court] erred when, on January 19, 2016, it sentenced [Ward] in accordance with the negotiated plea agreement[,] despite [Ward] filing a Petition to Withdraw Plea and stating on the record that she did not understand the plea agreement when it was executed and/or that she had not committed the crime of [REAP?]

**Anders** Brief at 7. On May 20, 2015, Attorney Irwin filed a Petition to Withdraw as Counsel. Ward did not file a separate *pro se* brief, nor did she retain alternate counsel for this appeal.

We must first determine whether Attorney Irwin has complied with the dictates of **Anders** in petitioning to withdraw from representation. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first

- 2 -

examining counsel's request to withdraw."). Pursuant to **Anders**, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record[,] counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Irwin complied with each of the requirements set forth in **Anders** by petitioning this Court for leave to withdraw, submitting an **Anders** Brief referring to any issue that may have arguable merit, and notifying Ward of the request to withdraw and advising her as to her rights moving forward. Further, the **Anders** Brief meets the standards set forth in

*Santiago* by providing a factual summary of Ward's case, with support for Attorney Irwin's conclusion that the trial court properly denied the Petition to Withdraw Plea, rendering Ward's appeal wholly frivolous. Because Attorney Irwin has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Ward's appeal is, in fact, wholly frivolous.

As Ward's claims are related, we will address them together. Ward contends that the Petition to Withdraw Plea was improperly denied because she did not fully understand the plea colloquy. *Anders* Brief at 11-13. Ward points out that because her Petition was filed prior to sentencing, the trial court should have liberally allowed withdrawal of the plea. *Id.* at 12.

"Our law is clear that to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). This Court has established six topics that must be covered by a valid plea colloquy: "1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005); *see also* Pa.R.Crim.P. 590, cmt.

"At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a

- 4 -

plea of not guilty." Pa.R.Crim.P. 591(A); *see also Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa. Super. 2013) (stating that "the decision to grant or deny a motion to withdraw a guilty plea rests within the trial court's discretion, and we will not disturb the court's decision on such motion unless the court abused that discretion.") (citation omitted). Additionally, while there is no absolute right to withdraw a guilty plea, "[a] pre-sentence motion to withdraw a guilty plea should be liberally allowed and should be granted for any fair and just reason unless granting the motion would cause substantial prejudice to the Commonwealth." *Gordy*, 73 A.3d at 623-24; *see also Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015).

> More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Carrasquillo*, 115 A.3d at 1292.

In her Petition to Withdraw Plea, Ward failed to assert any specific claim in support of withdrawal. At oral arguments regarding the Petition to Withdraw Plea, Ward stated that the reason for seeking withdrawal of the plea was her lack of understanding of the guilty plea colloquy. N.T., 1/19/16, at 4.

Our review discloses that Ward completed extensive guilty plea colloquies, both written and oral, covering all necessary topics for a valid plea colloquy. **See** Written Plea Colloquy, 12/3/15, at 1-6; N.T., 12/3/15, at 4-9; **see also Morrison**, 878 A.2d at 107. Moreover, Ward stated that she entered into the agreement voluntarily and intelligently. **See** Written Plea Colloquy, 12/3/15, at 6; **see also** N.T., 12/3/15, at 6 (wherein Ward orally confirmed her signature on the written colloquy).[2]

Based on Ward's statements in the written and oral colloquies, and her understanding and voluntariness of the plea agreement, the trial court did

---

[2] During the oral plea colloquy, the trial court acknowledged that jury selection was scheduled for that day, and then asked Ward the following question: "Do you understand that if the Court accepts your plea that your jury selection process will be canceled and that you will not be able to withdraw this plea after today?" N.T., 12/3/15, at 7. Ward answered in the affirmative, and then noted she wished to proceed with the plea. **Id.** at 7-8. The trial court then posed a similar question to Ward's counsel, to which counsel replied that he explained the situation to Ward, Ward appeared to understand, and Ward wished to proceed with the plea. **Id.** at 9-10.

not abuse its discretion in denying the Petition to Withdraw Plea based solely

Ward's unsupported assertion of confusion.[3]

Further, our independent review discloses no other non-frivolous

issues that Ward could raise on appeal. Accordingly, we grant Attorney

Irwin's Petition to Withdraw, and affirm Ward's judgment of sentence.

Petition to Withdraw granted; judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2016

---

[3] In her Concise Statement, Ward contends that she did not commit the crime of REAP. "An assertion of innocence can constitute a fair and just reason for plea withdrawal." *Gordy*, 73 A.3d at 624. However, "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant such a request." *Carrasquillo*, 115 A.3d at 1285; *see also Commonwealth v. Hvizda*, 116 A.3d 1103, 1107 (Pa. 2015). "[A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." *Carrasquillo*, 115 A.3d at 1292. Ward's "bare assertion of innocence," raised for the first time on appeal, is belied by Ward's statements during the guilty plea colloquy. *See* Written Plea Colloquy, 12/3/15, at 1-6; N.T., 12/3/15, at 4-9; *see also Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (stating that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.") (citation omitted).