467 A.2d 307

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John Charles LESKO, Appellant.**

Supreme Court of Pennsylvania.

Argued March 10, 1983.

Decided Sept. 29, 1983.

512

John H. Armstrong (Court-appointed), Indiana, for appellant.

Gregory A. Olson, Dist. Atty., Indiana, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

ZAPPALA, Justice.

It is undisputed that on May 19, 1980, the Appellant John Charles Lesko pled guilty to murder in the second degree for the killing of William C. Nicholls. This plea was entered into on the day the matter was set for a jury trial, after a brief discussion between the attorney for the Appellant and the Indiana County District Attorney. It appears from the record that in return for the Appellant's plea of guilty to a charge of murder in the second degree, the Commonwealth dismissed the remaining charges of murder, complicity to commit murder, robbery and theft. Furthermore, the Commonwealth would not pursue sentencing of the Appellant until at least June 2, 1981 or later. Thereafter, on or about December 1, 1980, the Appellant filed a motion to withdraw his guilty plea.

In support of this motion, the Appellant alleged that given time for reflection, he wished to exercise his constitutional right of a trial by jury. This motion was subsequently amended on or about April 13, 1981 to allege that the Appellant was motivated to plead guilty "as a result of his illegal arrest and subsequent confession" (R. 26). Furthermore, he indicated that an element of the plea arrangement was that his plea in this case could not be used in his Westmoreland County trial.[1] Since the District Attorney of Indiana County testified in the trial in Westmoreland County notwithstanding the Appellant's understanding of the plea agreement, the Appellant wished to withdraw his guilty plea. After taking testimony, reviewing briefs and the record, the learned trial judge dismissed the motion on or about June 5, 1981. Thereafter, the Appellant was sentenced to life imprisonment on the second degree murder charge. The Appellant filed an appeal to the Superior Court, which subsequently transferred the matter *sua sponte* to this Court. On appeal, the Appellant raised for the first time the issue of the ineffectiveness of trial counsel. Even though no hearing has been conducted regarding this issue, we have assumed jurisdiction of this issue for the sake of judicial economy. Furthermore, remanding for an evidentiary hearing would not assist us in the disposition of this appeal.

In the lower court opinion, the trial judge found that "the evidence established: that the defendant entered his plea of guilty to second degree murder upon agreement of the Commonwealth to delay sentencing as a deliberate choice of trial strategy in an effort to prevent evidence of his criminal acts in Indiana County from being considered as an aggravating circumstance during his first degree murder trial for killing a Westmoreland County police officer." (R. 51). The Appellant agrees with this finding and now argues that his trial counsel was ineffective for persuading him to plead guilty in that trial counsel's conception of the use of

1. The case in Westmoreland County was *Commonwealth v. Lesko,* 502 Pa. 474, 467 A.2d 288.

this plea in the Westmoreland County case was in error.[2] Because it appears that the action of the Appellant's trial counsel was a calculated attempt to avoid the use of any Indiana County conviction in the Westmoreland County case as an aggravating circumstance, trial counsel cannot be deemed to be ineffective.

■ In *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), Mr. Justice Roberts, now Chief Justice, cogently discussed the issue of ineffectiveness of trial counsel. Initially, trial counsel is presumed to be competent, and his alleged ineffective actions must be evaluated to determine whether the strategy chosen is founded upon a *reasonable basis designed to further his client's interests.* We recently reaffirmed this test for determining ineffectiveness of trial counsel.

The test of constitutional effective assistance of counsel is whether a particular course chosen by counsel had *some reasonable basis* designed to effectuate its client's interest. (Citations omitted) (Emphasis in original). The initial factor that is considered in applying this standard is whether the matters counsel is charged with failing to pursue had arguable merit. (Citations omitted).

*Commonwealth v. Wade,* 501 Pa. 331, 461 A.2d 613 (1983). *See also Commonwealth v. Upsher,* 497 Pa. 621, 444 A.2d 90 (1982); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

■ This rule is founded upon the inequity of finding trial counsel ineffective for pursuing a strategy which at the time appeared to be in his client's best interest. It is grossly unfair to characterize trial counsel as ineffective when his strategy was formulated without the luxury of knowing the result of the chosen strategy. It is much easier to fault counsel on his chosen strategy after reviewing all the evi-

---

**2.** The Appellant argues that trial counsel was ineffective because he failed to correctly interpret "conviction" as used in the Sentencing Code, the Act of September 13, 1978, P.L. 756 No. 141 § 1, as amended 1980, October 5, P.L. 693 No. 142, § 401(a). This issue is discussed in the related case of *Commonwealth v. Lesko,* 502 Pa. 474, 467 A.2d 288 (1983).

dence and observing how the witnesses withstood the rigors of cross-examination. Therefore, in reviewing trial counsel's strategy, we must place ourselves in the position of trial counsel at the time the strategy was formulated to determine if the alternatives chosen were reasonable.

The Appellant contends that his trial counsel was ineffective for advising him to plead guilty to second degree murder in Indiana County with a delay in sentencing to avoid such conviction being considered as an aggravating circumstance in the penalty phase of the Westmoreland County case. Rather than deeming trial counsel's actions ineffective, we find it was a *reasonable* attempt to prevent an almost certainty from occurring. If the Appellant had been tried on May 19, 1980 as scheduled, there is no question that the prosecutor could have offered sufficient evidence to warrant a guilty verdict. This is clear from a review of the guilty plea colloquy. Thus, a conviction and sentencing would have occurred prior to the trial in Westmoreland County. Accordingly, under any interpretation of § 9711(d)(10) of the Sentencing Code, 42 Pa.C.S.A. § 9711(d)(10), the Appellant's conviction would be admissible in the Westmoreland County case as an aggravating circumstance. Trial counsel attempted to avoid this certainty by preventing sentencing until the Westmoreland County case was completed. It was hoped that by following this course, the Westmoreland County judge would disallow the Indiana County guilty plea from being introduced in the penal phase of the trial as an aggravating circumstance, because no sentence had been imposed in Indiana County. However, the Westmoreland County trial judge correctly determined that the plea was admissible.[3] Although trial counsel's strategy failed, he cannot be deemed ineffective. Having determined that trial counsel's actions were reasonable and designed to protect the Appellant's interests, it is clear that these actions cannot be deemed ineffective.

Finally, the Appellant asserts that the lower court erred in refusing to allow him to withdraw his guilty plea. The

3. *Commonwealth v. Lesko,* 502 Pa. 474, 467 A.2d 288 (1983).

Appellant argues that the lower court applied an incorrect standard in determining whether to permit the Appellant to withdraw his guilty plea.

In *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973), we held that the proper standard to be used for permitting a defendant to withdraw his guilty plea prior to sentencing is whether a fair and just reason exists. If the trial court finds any fair and just reason for the withdrawal, such withdrawal should be permitted because of the importance of an accused's rights to a trial by his peers. However, once a sentence has been imposed, an accused should be permitted to withdraw his guilty plea only "to correct a manifest injustice". *Commonwealth v. Starr,* 450 Pa. 485, 301 A.2d 592 (1973). The basis for the difference between these two standards is clear. Allowing an accused to withdraw his guilty plea after imposition of sentence requires a stricter standard to prevent defendants from using a guilty plea as a tool for previewing the sentencing by the court. Such a misuse does not occur when withdrawing a guilty plea prior to sentencing.

The lower court applied the "manifest injustice" standard, reasoning that the Appellant was pre-advised of the only possible sentence. Therefore, the Appellant's petition was akin to a post-sentencing petition. Because the Appellant was well aware of *the only sentence imposable* for the crime to which he pled guilty, we find no error in applying the "manifest injustice" standard. In any event, applying the "fair and just reason" standard will not give the Appellant the requested relief.

The reasons offered by the Appellant in support of his motion to withdraw his guilty plea were that his guilty plea was motivated by an illegal arrest and subsequent confession [4] and that the Indiana County District Attorney breached the plea bargain agreement by testifying in the Appel-

4. The Appellant's argument that the guilty plea was motivated "as a result of his illegal arrest and subsequent confession" is also without merit for the reasons set forth in the related appeal cited at 502 Pa. 474, 467 A.2d 288 (1983).

lant's Westmoreland County trial. The Appellant argues that by the terms of the agreement, the Indiana County conviction could not be used in his Westmoreland County trial. We have reviewed the record and find no such agreement. The agreement provided that sentence not be imposed until June 2 or later. At no time did the District Attorney agree not to testify in Westmoreland County and only did so in lieu of being subpoenaed. Therefore, the plea bargain agreement was not breached.

For the foregoing reasons, it is clear that the lower court did not abuse its discretion in not allowing the Appellant to withdraw his guilty plea.

Judgment affirmed.