J-S37021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTONIO CARTER, | |
| Appellant | No. 1787 EDA 2014 |

Appeal from the Judgment of Sentence May 13, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008902-2013

BEFORE:  GANTMAN, P.J., SHOGAN, and LAZARUS, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 07, 2015**

Appellant, Antonio Carter, appeals from the judgment of sentence entered on May 13, 2014, in the Philadelphia County Court of Common Pleas.  We affirm.

In an opinion filed on October 16, 2014, the trial court set forth the relevant facts and procedural history of this matter as follows:

> On June 21, 2013, Appellant was charged with rape, indecent assault, and other related charges. On May 13, 2014, prior to proceeding to trial, Appellant indicated his desire to enter a nolo contendere plea. Appellant, represented by Zachary Shaffer, Esquire, entered into a negotiated nolo contendere plea to indecent assault, a felony in the third degree. Appellant negotiated with the Commonwealth for a recommendation of sentence consisting of time served to 23 months with immediate parole followed by five years reporting probation, tier III Megan's law lifetime reporting, sex offender supervision, and no unsupervised contact with minors for the third-degree felony indecent assault plea. The Commonwealth entered a nolle prosequi on the other related charges.

[The trial court] conducted a thorough colloquy of Appellant (N.T. 5/13/14, 4-8). During the colloquy, Appellant was specifically informed of the crime and facts to which he was pleading nolo contendere; he acknowledged that he understood them (N.T. 5/13/14, 5-8). In addition, Appellant in writing, again confirmed his nolo contendere plea (Written Nolo Contendere Colloquy, Appendix A). This Court then performed an oral colloquy, during which the Appellant responded affirmatively to all questions regarding whether or not he was knowingly, intelligently and voluntarily entering the plea (N.T. 5/13/14, 7-8). This Court accepted Appellant's nolo contendere plea. Defense counsel then agreed to immediate sentencing. (N.T. 5/13/14, 9). Appellant did not file a motion to withdraw his plea prior to sentencing, or indicate any desire to do so. This Court then sentenced the Appellant to the negotiated sentence of time served to 23 months with immediate parole plus five years of sex offender probation, and tier III Megan's Law lifetime reporting. (N.T. 5/13/14, 10-11).

On May 13, 2014, after sentencing, Appellant filed a Post Sentence Motion, namely a Petition to Withdraw Nolo Contendere Plea. In his Petition, Appellant claimed he is asserting his innocence. (Petition to Withdraw Nolo Contendere Plea, Appendix B). This Court denied the petition to withdraw the plea without a hearing in an Order dated June 6, 2014. (Order, 6/6/14, Appendix C). On June 13, 2014, this Court received a Notice of Appeal to the Superior Court. On June 25, 2014, this Court issued an order pursuant to Pa.R.A.P. Rule 1925(b) requiring the Appellant to file a concise statement of matters complained of on appeal within 21 days. On July 9, 2014, Appellant filed his 1925(b) statement.

Trial Court Opinion, 10/16/14, at 1-2 (unnumbered pages).

On appeal, Appellant claims that the trial court erred in denying his petition to withdraw his guilty plea. Appellant's Brief at 4. Specifically, Appellant argues as follows:

[Appellant] attempted to withdraw his guilty plea, via a post sentencing motion. [sic] just hours after his plea was entered and he was sentenced. [Appellant] plead *nolo contendere* as part [of] a negotiated plea. [Appellant]

- 2 -

continuously asserted his innocence, knew precisely what sentence he would be receiving as part of a negotiated plea, and attempted to withdraw his plea hours after he plead. None of the traditional concerns of post-sentence withdrawals exist, because [Appellant] was not sentence-testing, nor did he ever admit guilt. Given that those concerns are not present[,] [Appellant's] motion to withdraw should be analyzed under the pre-sentence standard.

*Id*. at 7.

Our standard of review is well settled:

At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty. Pa.R.Crim.P 591(A); **Commonwealth v. Santos**, 450 Pa. 492, 494, 301 A.2d 829, 830 (1973). Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made [b]efore sentencing ... should be liberally allowed. **Commonwealth v. Forbes**, 450 Pa. 185, 190, 299 A.2d 268, 271 (1973). Thus, in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. **Id**. at 191, 299 A.2d at 271. If the trial court finds any fair and just reason, withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been substantially prejudiced. **Id**.

**Commonwealth v. Prendes**, 97 A.3d 337, 351-352 (Pa. Super. 2014) (internal quotation marks omitted), *appeal denied*, 105 A.3d 736 (Pa. 2014).

In contrast, after the court has imposed a sentence, a defendant can withdraw his guilty plea only where necessary to correct a manifest injustice. **Commonwealth v. Starr**, 450 Pa. 485, 490, 301 A.2d 592, 595 (1973). Post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices. **Commonwealth v. Kelly**, 5 A.3d 370, 377 (Pa.Super.2010), *appeal denied*, 613 Pa. 643, 32 A.3d 1276 (2011). If the appellant knows the only possible sentence he can get for the crime to which he pled guilty, then any pre-

sentence motion to withdraw the plea is akin to a post-sentence motion to withdraw the plea, and the manifest injustice standard will apply to the pre-sentence motion. ***Commonwealth v. Lesko***, 502 Pa. 511, 517, 467 A.2d 307, 310 (1983).

***Prendes***, 97 A.3d 337 at 352 (internal quotation marks omitted and emphasis added).

Here, Appellant alleges that the trial court erred in applying the post-sentence standard and, instead, should have applied the more relaxed pre-sentence standard. Appellant endeavors to support this argument by highlighting that he plead *nolo contendere* to indecent assault as part of his negotiated plea agreement. Appellant's Brief at 10. Appellant subsequently "rethought his decision to [enter a] plea, asserted his innocence, and filed post sentence motions with the trial court asking to withdraw his plea[.]" ***Id***. As noted above, Appellant claims "there is no issue with with [sic] Appellant attempting to use his plea as a 'sentence-testing device.' . . . **Appellant was well aware of his sentence** as it had been previously explained to him by council [sic], was clearly detailed on his written guilty plea colloquy, and was discussed on the record by the trial court." ***Id***. at 10-11 (emphasis added, citations omitted). Appellant's argument is inapposite.

It is undisputed that Appellant's plea agreement included a negotiated sentence of which he was fully aware. Appellant's Brief at 10. "Because Appellant was fully aware of the sentence he would receive, the 'manifest injustice' standard applied." ***Prendes***, 97 A.3d at 354. Accordingly,

- 4 -

because the trial court applied the correct standard, we discern no error or abuse of discretion in the trial court's order denying Appellant's motion to withdraw his guilty plea. Therefore, we affirm appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/2015