J-S44013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DEBRA JEAN BOYER | |
| Appellant | No. 1648 WDA 2014 |

Appeal from the Judgment of Sentence March 24, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000071-2014

BEFORE:  LAZARUS, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 12, 2015**

Debra Boyer appeals from the judgment of sentence denying her post-sentence motion to withdraw her guilty plea.  We affirm.

Boyer was charged with possession with intent to deliver a controlled substance ("PWID"), possession of a controlled substance, criminal conspiracy and criminal use of a communication facility[1] arising from the sale of controlled substances to a confidential informant on October 3, 2013. On March 24, 2014, Boyer entered a negotiated guilty plea to PWID and conspiracy.  She twice was advised of the charges to which she was pleading guilty, once when the Commonwealth advised the trial court of the charges, and again when the trial court inquired whether she understood the charges

_____

[1] 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), 18 Pa.C.S. § 903, and 18 Pa.C.S. § 7512, respectively.

to which she was pleading guilty. N.T., 3/24/14, at 1, 4-5. The trial court advised her of her right to a jury trial and of the presumption of innocence she would enjoy during trial. *Id*. at 3. The court asked if she knew the maximum penalties for the charges, and she answered that she did. *Id*. The court advised her that it did not have to accept the plea agreement. *Id*. at 4.

The trial court accepted Boyer's guilty plea and sentenced her to 3-23 months' imprisonment followed by 5 years' probation. She received credit for time served and was released from prison on the date of sentencing.

On April 3, 2014, Boyer filed a timely post-sentence motion to withdraw her guilty plea. She claimed in her motion that the confidential informant called her from Blair County Prison and told her that he did not buy drugs from her on October 3, 2013.

On May 22, 2014 and July 3, 2014, the trial court held hearings on Boyer's motion to withdraw her guilty plea. Boyer testified that she lied when she pled guilty, and that she did not sell drugs to the confidential informant, Christopher Chaplin. N.T., 5/22/14, at 9. She claimed that she pled guilty in order to keep her granddaughter out of foster care, and she now wants her granddaughter to know that she did not commit this crime. *Id*. at 11-12.

Boyer testified as follows: Chaplin is the stepfather of Boyer's granddaughter and is the only father Boyer's granddaughter has ever known. N.T., 7/3/14, at 8. "Angelo" gave Chaplin the drugs instead of

Boyer. Angelo was "like a brother" to Boyer and had lived in her house, but Boyer had kicked Angelo out of her house two weeks before October 3rd. N.T., 7/3/14, at 15-16. On October 3, 2013, Chaplin came to Boyer's house. N.T., 5/22/14, at 17. At the same time, Angelo was at Boyer's house to pick up his belongings. N.T., 7/3/14, at 16. Chaplin mixed baking soda into a bag of drugs that Angelo gave him. N.T., 5/22/14, at 17. When Boyer saw the transaction between Chaplin and Angelo, she called Trooper Chaney of the State Police to ask what she should do if someone was making up a fake bag in her house. *Id*. Boyer attempted to buy drugs from Angelo in the past while working with Trooper Chaney to bust Angelo, but Angelo would not sell drugs to her. N.T., 7/3/14, at 18. Following Boyer's guilty plea, Chaplin called her from prison and told her that she did not sell him drugs. N.T., 5/22/14, p. 15. As a result of this conversation, Boyer asked her attorney to file a motion to withdraw her guilty plea because she did not commit a crime. *Id*. at 15-16.

Chaplin testified for the Commonwealth and stated that he did in fact purchase drugs from Boyer. N.T., 7/3/14, p. 25. He called Boyer from prison and told her that he did not buy drugs from her because he did not want her to know that he was a confidential informant. *Id*. at 28. He worked as a confidential informant hoping to obtain leniency in his own cases. *Id*. at 32.

Corporal Christopher Moser of the State Police testified that Chaplin worked with him as a confidential informant. N.T., 7/3/14, at 38. On

October 3, 2013, Corporal Moser said, he was involved in a buy between Chaplin and Boyer. *Id*. He searched Chaplin, gave him task force funds and drove him to Boyer's house, where he went inside. *Id*. at 39. While Chaplin was inside, a white SUV arrived and then left a few minutes later. *Id*. Chaplin then returned to Corporal Moser's vehicle with a bag of suspected crack cocaine and some grapefruits. *Id*. The bag testified positive for cocaine. *Id*. at 40. Trooper Chaney called Trooper Moser during the buy to ask if he was doing a buy on Boyer, because she was calling Trooper Chaney while Chaplin was with her. *Id*. at 41. Corporal Moser told Trooper Chaney to tell her that he did not know whether there was a controlled buy in progress. *Id*. at 46.

On September 3, 2014, subsequent to the hearings on Boyer's post-sentence motion, the trial court entered a detailed opinion and order denying her motion. Boyer filed a timely appeal, and both Boyer and the trial court complied with Pa.R.A.P. 1925.

Boyer raises one issue in this appeal: "Whether the lower court erred and abused its discretion in denying [Boyer's] motion to withdraw [her] guilty plea that was based on after-discovered evidence?" Brief For Appellant, p. 10.

After the court has imposed sentence,

> a defendant can withdraw his guilty plea 'only where necessary to correct a manifest injustice.' **Commonwealth v. Starr**, [] 301 A.2d 592, 595 ([Pa.]1973). '[P]ost-sentence motions for withdrawal are subject to higher scrutiny [than pre-sentence motions] since courts strive to discourage the entry of guilty pleas

- 4 -

as sentencing-testing devices." ***Commonwealth v. Kelly***, 5 A.3d 370, 377 (Pa.Super.2010), *appeal denied,* [] 32 A.3d 1276 ([Pa.]2011). If the appellant knows the only possible sentence he can get for the crime to which he pled guilty, then any pre-sentence motion to withdraw the plea is akin to a post-sentence motion to withdraw the plea, and the 'manifest injustice' standard will apply to the pre-sentence motion. ***Commonwealth v. Lesko***, [] 467 A.2d 307, 310 ([Pa.]1983).

To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa.Super.2003). '[A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly.' ***Commonwealth v. Gunter***, [] 771 A.2d 767, 771 ([Pa.]2001). The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa.Super.2002) (citing Pa.R.Crim.P. 590). Under Rule 590, the court should confirm, *inter alia,* that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. ***Commonwealth v. Watson***, 835 A.2d 786 (Pa.Super.2003). The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***Commonwealth v. Muhammad***, 794 A.2d 378 (Pa.Super.2002). Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise. ***Pollard***, *supra*.

***Commonwealth v. Prendes***, 97 A.3d 337, 352 (Pa.Super.2014). The defendant bears the burden of demonstrating that her guilty plea was involuntary, unknowing or unintelligent. ***Commonwealth v. Stork***, 737 A.2d 789, 790 (Pa.Super.1999). The defendant is bound by the statements

she makes during the guilty plea colloquy and cannot later assert grounds for withdrawing the plea that contradict statements she made when pleading guilty. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super.2003). Nor may a defendant challenge her guilty plea by asserting that she lied while under oath. *Id*.

The trial court concluded that Boyer entered her guilty plea knowingly, voluntarily and intelligently. Based on our review of the guilty plea hearing transcript and the transcripts from Boyer's motion to withdraw her guilty plea, we agree. Boyer testified during the hearing on her motion to withdraw her guilty plea that she pled guilty to keep her granddaughter out of foster care. This is a perfectly valid reason for pleading guilty. *Commonwealth v. Watson*, 835 A.2d 786, 796 (Pa.Super.2003) ("a defendant may plead guilty for any reason: to shield others, avoid further exposure, to diminish the penalty, to be done with the matter, or any secret reason that appeals to his needs"). As the trial court observed, Boyer "received the benefit of her bargain by being released so that she could continue to care for her granddaughter." Opinion and Order, 9/3/14, at 9. Moreover, nothing in the guilty plea hearing transcript indicates that Boyer acted involuntarily, unknowingly or unintelligently. She admitted committing the crimes to which she was pleading guilty. She was advised of her right to a jury trial, the presumption of innocence, the maximum penalties and the court's authority to accept or reject the plea agreement, and she acknowledged understanding all of these terms.

In addition, Boyer's claim that she lied when she pled guilty, and that she did not actually sell drugs to Chaplin, violates the rule prohibiting the defendant from challenging her guilty plea by asserting that she lied while under oath. *Pollard*, 832 A.2d at 523. We will not permit her to withdraw her guilty plea by running afoul of this longstanding principle.

Boyer contends that Chaplin's telephone call from prison constitutes after-discovered evidence that entitles her to withdraw her guilty plea and assert her innocence at trial. We disagree.

Any after-discovered evidence which would justify a new trial would also entitle a defendant to withdraw his guilty plea. *Commonwealth v. Peoples*, 319 A.2d 679, 681 (Pa.1974). To justify granting a new trial on the basis of after-discovered evidence, the evidence must have been discovered after the trial and must be such that it could not have been obtained at the trial by reasonable diligence, must not be cumulative or merely impeach credibility, and must be such as would likely compel a different result. *Id*.

Chaplin's telephone call is not cumulative and is not merely useful for impeachment. Nevertheless, it does not satisfy the other elements of after-discovered evidence. Although it came to light after Boyer's sentencing, she did not show that she could not have communicated with Chaplin prior to sentencing. Furthermore, as the trial court reasoned,

> th[is] evidence is not of such a nature and character that a different outcome is likely. This is not like DNA evidence or other scientific evidence that would wholly prove or disprove the

- 7 -

case. Here we have a confidential informant who is the [step]father of [Boyer's] granddaughter calling [Boyer] to confirm that he did not sell drugs to her. At the time of the hearing, [Chaplin] testified that the purpose of his call was to dissuade [Boyer] from thinking that he was the confidential informant in her case. He also testified that he did in fact purchase drugs from [Boyer]. Thus, [Chaplin] himself contradicts the veracity of [Boyer's after-discovered] evidence.

Opinion and order, 9/3/14, p. 9.

For these reasons, the trial court properly denied Boyer's post-sentence motion to withdraw her guilty plea.

Judgment of Sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/12/2015</u>