J-S64008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OMAR WRIGHT | |
| Appellant | No. 3646 EDA 2015 |

Appeal from the Judgment of Sentence Entered June 12, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0011468-2012

BEFORE: STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 05, 2016**

Appellant Omar Wright appeals from the June 12, 2015 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court"), following his guilty plea to third degree murder and robbery.[1] Upon review, we affirm.

The facts and procedural history underlying this case are undisputed. On July 6, 2012, Appellant was arrested in connection with a robbery of a bar that resulted in the death of bartender, George Fox. Appellant was charged with murder, conspiracy, robbery, theft, receiving stolen property and possessing the instrument of a crime ("PIC"). On December 15, 2014,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c), and 3701(a)(1)(i).

prior to trial, Appellant pled guilty to third degree murder and robbery and negotiated a sentence of 20 to 40 years' imprisonment for third degree murder and followed by 4 to 10 years' imprisonment for robbery. In exchange, the Commonwealth *nolle prossed* the remaining charges. Specifically, in pleading guilty, Appellant agreed with the following facts as summarized by the Commonwealth:

> On Sunday, June 24, 2012, at about 1:16 in the morning, 3rd District police officers responded to a robbery in progress, unresponsive male inside T Bars Tavern at 8th and Jackson Streets in Philadelphia. Police arrived on location and found the victim, later identified as George Fox, [a] 44-year old white male, suffering from stab wounds to the torso. Medic 43 responded and pronounced the victim deceased at the scene at 1:25 a.m.
>
> Our testimony would further include that of the Assistant Medical Examiner, Dr. Gary Collins, who would testify that he examined the remains and found George Fox had been stabbed five times, suffered stab wounds to his chest, left shoulder, left arm, forearm, right cheek, and that the cause of death was stab wound to the chest; that is, specifically to the heart, and the manner of death was homicide.
>
> . . . .
>
> We would further call witness, Angela Bennett, who would state that she conversed with [Appellant] previous to the murder inside the bar, she knew [Appellant] from the bar, she identified [Appellant] to Homicide Detectives, have a signed written statement stating that she saw [Appellant] leave and re-enter the bar wearing dark clothing, including a hoody and white gloves, and that he stabbed the bartender and took money out of the register and fled.
>
> We would also call witness, Tiffany Caesar, who would state that she knew [Appellant], for a few weeks from the bar. She was inside the bar at the time of the homicide, that she did converse with [Appellant] inside the bar previous to the homicide, that he left and then returned. She knew [Appellant] as Oh Dog, and when he returned to the bar, he walked behind the bar, stabbed the bartender, she saw the bartender slump to the floor, she saw [Appellant] take cash, and she identified his photograph for detectives, signed his photograph and signed a written statement for the detectives.

N.T. Guilty Plea, 12/15/14, at 7-9. A sentencing hearing was held on June 12, 2015. At the hearing, prior to imposition of sentence, Appellant moved to withdraw his guilty plea based on his allegation that his counsel was ineffective in failing to advise him that his negotiated sentence would be consecutive. N.T. Sentencing, 6/12/12, at 3-5 ("I don't feel as though I was helped properly."). On the same day, the trial court denied Appellant's pre-sentence motion to withdraw and advised Appellant to file a post-sentence motion to withdraw his guilty plea. *See id.* ("You have 10 days from today's date in which to ask to reconsider your sentence and to withdraw your plea."). On June 15, 2015, Appellant filed a post-sentence motion to withdraw the guilty plea, which the trial court denied on November 5, 2015.[2] Appellant timely appealed to this Court. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising two assertions of error:

> 1. [Appellant] is entitled to have his case remanded to the trial/sentencing court as that court erred and abused its discretion as a matter of law when it denied [Appellant's] motion to withdraw guilty plea on June 12, 2015.

> 2. [Appellant] is entitled to have his case remanded to the trial/sentencing court as that court erred and abused its discretion as a matter of law when it denied [Appellant's] post[-]sentence motion filed June 15, 2015[.]

---

[2] Given the fact that Appellant already had moved to withdraw his guilty plea prior to sentencing on June 12, 2015, we need not consider his subsequent post-sentence motion to withdraw the guilty plea as it was superfluous and redundant.

Rule 1925(b) Statement, 12/23/15. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellant failed to advance a fair and just reason to withdraw his guilty plea.

On appeal,[3] Appellant argues only that the trial court erred in failing to allow Appellant to withdraw his guilty plea prior to sentencing. We disagree.

It is well-settled the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. **Commonwealth v. Unangst**, 71 A.3d 1017, 1019 (Pa. Super. 2013) (quotation omitted). Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1046 (Pa. Super. 2011). However, a pre-sentence motion to withdraw is decided under a more liberal standard. Pursuant to Pennsylvania Rule of Criminal Procedure 591: "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).

---

[3] We note that Appellant here does not expressly challenge the validity of his plea agreement.

In the seminal decision **Commonwealth v. Forbes**, 299 A.2d 268 (Pa. 1973), our Supreme Court delineated the parameters for granting a pre-sentence motion to withdraw:

> [I]n determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, 'the test to be applied by the trial courts is fairness and justice.' If the trial court finds 'any fair and just reason', withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.'

**Id.** at 271 (internal citations omitted). In **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015), our Supreme Court reaffirmed the **Forbes** test, noting that:

> [The] **Forbes** decision reflects that: there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth. **See Forbes**, []299 A.2d at 271.

**Carrasquillo**, 115 A.3d at 1291-92. A sincere and plausible assertion of innocence has been held to satisfy the "fair and just reason" standard enunciated in **Forbes** for granting a pre-sentence motion to withdraw a guilty plea. **See id.** at 1292 ("[A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea.").

The Supreme Court arrived at the same conclusion in a companion case decided the same day: **Commonwealth v. Hvizda**, 116 A.3d 1103 (Pa. 2015). In **Hvizda**, the defendant pled guilty to first-degree murder and

PIC for the stabbing death of his estranged wife.  *Id.* at 1104.  At his sentencing hearing two months later, the defendant sought to withdraw his plea, asserting "I'm here to maintain my innocence in the charge of murder in the first degree."  *Id.* (record citation omitted).  At a subsequent hearing, the defendant again stated he was innocent, but offered no evidence in support of his claim.  The Commonwealth requested the court deny the motion, and, in support, introduced into evidence the defendant's telephone conversations from prison in which he stated that although he "'did it' . . . he wished to stand trial to 'get some of the story out.'"  *Id.*  The trial court thereafter denied the motion to withdraw, finding "the Commonwealth had 'presented compelling and unique evidence to establish [the defendant's] bald assertion of innocence was at best pretextual and an attempt to manipulate the system.'"  *Id.* at 1105.  A divided panel of this Court reversed on appeal based upon its belief that, under **Commonwealth v. Katonka**, 33 A.3d 44, 49 (Pa. Super. 2011) (*en banc*), "credibility assessments relative to a defendant's claim of innocence were impermissible."  *Id.*  The Supreme Court, disagreed with the decision of this Court and opined:

> In the companion case of **Carrasquillo**, . . . we have determined that a bare assertion of innocence—such as [the defendant] provided as the basis for withdrawing his guilty plea—is not, in and of itself a sufficient reason to require a court to grant such a request. **See Carrasquillo**, []115 A.3d at 1285. Accordingly, and for the reasons set forth more fully in that case, the common pleas court did not err in denying [the defendant's] withdrawal motion.

**Hvizda**, 116 A.3d at 1107.

With this legal standard in mind, we now turn to Appellant's argument that the trial court abused its discretion in denying his pre-sentence motion to withdraw the guilty plea. Appellant argues that his trial counsel was ineffective in failing to advise him that the negotiated sentence *sub judice* would be consecutive. Based on our review of the record, we agree with the trial court's conclusion that Appellant failed to assert a claim of innocence, let alone proffer any fair and just reason for withdrawing his guilty plea. As the trial court explained:

> In the case at bar, no claim of innocence has ever been made. [Appellant's] only allegations were that he was unaware that the sentence for the robbery was going to run consecutive to the third degree murder, leaving an aggregate sentence of twenty-four to fifty years' incarceration, and he did not think he was helped by his counsel. Such claims belie the record. On the first page of [Appellant's] written guilty plea agreement, it is noted not once, but twice, that the agreement is for twenty-four to fifty years' incarceration. The agreement is signed on the third page and initialed on every page by [Appellant]. During the plea hearing, the court asked [Appellant] if he went over the plea agreement, if he read and understood every paragraph and if the signature on the third page was indeed his signature. In fact, the following discussion occurred during the hearing:
>
> The [trial c]ourt: The maximum you could get on this would be 50 to 100 years in jail. You are getting 24 to 50, so that is going to be a legal sentence. Do you understand that?
>
> [Appellant]: "Yes."
>
> [Appellant] also stated that he was satisfied with his attorney's representation up until that point.
>
> In the instant case, [Appellant's] assertions were made at the time of allocution. No motion to withdraw the plea had been presented in the six months since the entry of the plea. [Appellant's] claim was completely implausible in light of the written and oral statements during the negotiated plea hearing. No fair and just reason presented to withdraw the plea, and no claim of innocence has ever been made. [Appellant] merely wanted to reduce the negotiated term of his incarceration.

Trial Court Opinion, 1/29/16, at 6-7 (internal citations omitted). Accordingly, because he did not assert a claim of innocence or otherwise proffer any fair and just reason for withdrawing his guilty plea, Appellant is not entitled to relief.

The Commonwealth relies on **Commonwealth v. Prendes**, 97 A.3d 337 (Pa. Super. 2014) for the proposition that the higher post-sentence standard of "manifest injustice" applies *sub judice* on account of Appellant's entering into a *negotiated plea agreement*. The Commonwealth notes that **Prendes** applied the rationale outlined in **Commonwealth v. Lesko**, 467 A.2d 307 (Pa. 1983), in holding that because the defendant's "plea agreement included a negotiated sentence[, t]he trial court accepted the guilty plea with the negotiated sentence[, and thus the defendant] was fully aware of the sentence he would receive, the 'manifest injustice' standard applied." **Prendes**, 97 A.3d at 354. In **Hvizda**, however, our Supreme Court disapproved of **Lesko**'s "idiosyncratic approach to presentence withdrawal." **Hvizda**, 116 A.3d at 1106. In so doing, the Court *sub silentio* overruled this Court's conclusion in **Prendes** upon which the Commonwealth relies. Accordingly, we find **Prendes**' application of **Lesko** is no longer binding authority and reject the Commonwealth's assertion that the manifest injustice standard be applied to this case simply because Appellant entered into a negotiated guilty plea. Even if the higher standard of manifest injustice applied, Appellant would not have been able to meet it.

Insofar as Appellant argues that his trial counsel rendered ineffective assistance, we decline to consider the ineffectiveness claim at this juncture based on our Supreme Court's decision in **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013). In **Holmes**, our Supreme Court reaffirmed its prior holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act (PCRA). **See Holmes**, 79 A.3d at 576. The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in the instant case. **See id.** at 577-78 (holding that the trial court may address claims of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review"). Accordingly, Appellant must raise his ineffectiveness claim in a timely-filed PCRA petition. We, however, express no opinion on the merits of such effectiveness claim.

Finally, we reject Appellant's suggestion that the trial court erred in declining to allow him an opportunity to be heard on his pre-sentence motion to withdraw the guilty plea. Our review of the guilty plea hearing transcript reveals that Appellant's contention lacks merit. Specifically, the trial court asked Appellant: "Is there anything else you want to say?" N.T. Sentencing, 6/12/15, at 4. Appellant replied: "I don't understand how I'm

being forced into doing this when this is not what I really wanted to do. I explained that to [trial counsel] before then, before you even were the judge. Even then we didn't see eye to eye. We never seen eye to eye." ***Id.*** at 4-5. The trial court then again asked Appellant: "Is there anything else?" ***Id.*** at 5. Appellant did not respond. Accordingly, as the guilty plea hearing transcript indicates, Appellant indeed was provided an opportunity be heard in connection with his pre-sentence motion to withdraw the guilty plea.

Judgment of sentence affirmed.

Judge Solano joins this memorandum.

Justice Stevens files a concurring and dissenting statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2016

- 10 -