J-S64008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OMAR WRIGHT | : | |
| | : | |
| Appellant | : | No. 3646 EDA 2015 |

Appeal from the Judgment of Sentence June 12, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011468-2012

BEFORE: STABILE, SOLANO, JJ., STEVENS*, P.J.E.

CONCURRING AND DISSENTING STATEMENT BY STEVENS, P.J.E.:

**FILED DECEMBER 05, 2016**

While I agree with the Majority's ultimate decision to affirm Appellant's judgment of sentence, I disagree with its proclamation that this Court's application of our Supreme Court's holding in ***Commonwealth v. Lesko***, 467 A.2d 307 (Pa. 1983) in our subsequently published opinion, ***Commonwealth v. Prendes***, 97 A.3d 337 (Pa.Super. 2014), is no longer binding authority. Our decision in the instant case is set forth in an unpublished memorandum. As such, it is not of precedential value, for non-precedential decisions cannot overrule existing case law. ***See*** Superior Court I.O.P. 65.37 (unpublished memorandum decision shall not be relied upon or cited by Court or party). ***See also State Farm Mut. Auto. Ins. Co. v. Foster***, 585 Pa. 529, 535 n. 2, 889 A.2d 78, 81 n. 2 (2005).

_____

* Former Justice specially assigned to the Superior Court.

Because our Supreme Court did not overrule **Lesko** or **Prendes** in **Commonwealth v. Hvizda**, 116 A.3d 1103 (Pa. 2015) or in any subsequent decision, **Prendes** remains good law upon which the Commonwealth may properly rely for the proposition that the higher post-sentence standard of "manifest injustice" is applicable herein, in light of the fact Appellant had entered into a negotiated guilty plea.