J-S31034-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICK LAVAR CANNON, | : | |
| | : | |
| Appellant | : | No. 1680 MDA 2015 |

Appeal from the Judgment of Sentence August 26, 2015
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000559-2014

BEFORE:    SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JUNE 05, 2017**

Rick Lavar Cannon (Appellant) appeals from the August 26, 2015 judgment of sentence of 50 to 100 years of imprisonment following his guilty pleas to numerous offenses.  We affirm.

On March 14, 2014, Appellant and two co-conspirators robbed and shot two victims,[1] fled from police, and, after a high-speed chase, were apprehended in unlawful possession of cocaine and firearms.  Appellant was charged with numerous crimes, including homicide.  On July 2, 2015, Appellant entered into the following negotiated guilty plea: "The plea deal is for 50 to 100 years and he must cooperate as necessary with the District

---

[1] One of the victims, Marcus Antonio Ortiz, died as a result of his wounds; the other, Keith Crawford, survived.

*Retired Senior Judge assigned to the Superior Court.

Attorney's Office regarding the two codefendants…."[2]  N.T., 7/2/2015, at 3. Furthermore, Appellant agreed that the plea was irrevocable.  *Id.* at 12.

When Appellant appeared for sentencing on August 26, 2015, Appellant made an oral motion to withdraw his plea.  The trial court denied the motion and sentenced Appellant pursuant to the terms of the plea agreement.  N.T., 8/26/2015, at 5.  Appellant timely filed a notice of appeal.

In this Court, Elizabeth Judd, Esquire, counsel for Appellant, filed a petition to withdraw as counsel.   Noting the absence from the record of the transcript of the oral plea colloquy, we denied Attorney Judd's petition and remanded the case for the completion of the record and the filing of a new brief.  Memorandum, 5/24/2016.  In August 2015, Appellant *pro se* filed with this Court an application for the appointment of new counsel.  We denied Appellant's request, but instructed Attorney Judd to comply with our previous directive.  However, the trial court subsequently allowed Attorney Judd to withdraw as counsel and appointed Timothy T. Engler, Esquire, to represent Appellant in this appeal.

With a now-complete record and briefs from both parties, the appeal is ripe for our decision.  Appellant presents one question for our review: "Should Appellant have been allowed to withdraw his plea prior to sentencing?"  Appellant's Brief at 3 (unnecessary capitalization omitted).

---

[2] In its opinion, the trial court indicated that Appellant's coconspirators were convicted of 1st and 2nd degree murder in October 2015.  It does not mention whether Appellant was called to testify in that trial.

Preliminarily, we recognize that at any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty. The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:

> [T]rial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.
>
> We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion.

*Commonwealth v. Blango*, 150 A.3d 45, 47 (Pa. Super. 2016) (citations and quotation marks omitted).[3]

During the plea colloquy in the instant case, Appellant acknowledged his part in the murder conspiracy and accepted a sentence of less than life imprisonment in exchange for his promise to testify against his co-conspirators in October. N.T., 7/2/2015, at 10, 13-14. When Appellant appeared for sentencing in August, Attorney Judd informed the trial court

---

[3] This Court previously had held that the more stringent standard of manifest injustice applicable for withdrawal of a plea after sentencing applied any time a defendant sought to withdraw a plea bargain which included the terms of the sentence. *Commonwealth v. Prendes*, 97 A.3d 337, 352 (Pa. Super. 2014) (relying upon *Commonwealth v. Lesko*, 467 A.2d 307, 310 (Pa. 1983)). However, our Supreme Court has since disapproved of "*Lesko*'s idiosyncratic approach to presentence withdrawal." *Commonwealth v. Hvizda*, 116 A.3d 1103, 1106 (Pa. 2015).

that Appellant wished to withdraw his guilty plea because he felt that Attorney Judd "had coerced him in to pleading guilty and that was not really the decision he wanted to make, but he was influenced by the things that [Attorney Judd] had said to him." N.T., 8/26/15, at 2. The trial court asked Appellant if there was anything he wished to say on the matter, to which he replied, "I mean, basically what she just said." *Id.* at 3. The trial court then offered the following explanation for its decision to deny Appellant's motion.

> I went through an extensive plea colloquy, much more than would be required by any rules. I asked all the elements of the offenses. I emphasized it was irrevocable. It couldn't be withdrawn for any reason even though there was a negotiated time amount, minimum of 50 years, maximum 100 years. He knew all of that, but also knew without equivocation that he couldn't withdraw it later. …

> Now the allegation is that Attorney Judd bullied him or did something. I reject that summarily for this reason. [Appellant] could have raised any of that at that time. I remember giving [him] multiple opportunities to tell me anything else. Any problem, any hesitation I would have paused, and I didn't.

N.T., 8/26/2015, at 5. In its Rule 1925(a) opinion, the trial court further emphasized that Appellant's claims of coercion "completely contradict statements he made when he pled," and that Appellant "did not assert his innocence nor did he offer any other fair or just reason to withdraw the guilty plea." Trial Court Opinion, 10/28/2015, at 7.

We conclude that the trial court did not abuse its discretion in denying Appellant's motion. Although it is true that an "individual's fundamental right to a trial requires a liberal granting of pre-sentence motions to

withdraw guilty plea," it is also true that "there is no absolute right to a pre-sentence withdrawal of a plea, and … that the denial of such a motion is proper where the evidence before the court belies the reason offered." **Commonwealth v. Tennison**, 969 A.2d 572, 578 (Pa. Super. 2009).

Our review of the record shows that Appellant repeatedly acknowledged that the agreement included the term that he could not revoke his plea for any reason. N.T., 7/2/2015, at 4-5, 11-12. Moreover, the transcript confirms that, before Appellant entered his plea, he stated under oath that he was satisfied with Attorney Judd and her representation, and answered in the negative when the court asked him if he had any questions. **Id.** at 13. Appellant then indicated that he wished to plead guilty, and the trial court found that Appellant's decision was "freely, voluntarily, and intelligently made, and that [he] had the advice of a competent attorney with whom [he was] satisfied." **Id.** at 14.

Under these circumstances, the trial court acted within its discretion in rejecting Appellant's implausible claim of coercion and denying his motion to withdraw the guilty plea. **See**, **e.g.**, **Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1293 (Pa. 2015) (holding trial court acted within its discretion to deny an implausible claim of innocence raised for the first time at the sentencing hearing).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2017