J-S74021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTONIE FLETCHER | : | |
| | : | |
| Appellant | : | No. 1031 EDA 2016 |

Appeal from the Judgment of Sentence November 5, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013164-2012

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED FEBRUARY 27, 2018**

Antonie Fletcher appeals from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he entered an open guilty plea to possession of a firearm prohibited,[1] firearms not to be carried without a license,[2] and carrying a firearm in public.[3]  Upon careful review, we affirm.

On October 17, 2012, Philadelphia Police Officers James Kuzowsky and Derek Lowery stopped Fletcher at approximately 9:10 p.m. for operating a vehicle with dark-tinted windows.  During the stop, the officers asked Fletcher for his license and registration.  When Fletcher reached into his glove compartment, Officer Kuzowsky observed what he believed to be a firearm in

---

[1] 18 Pa.C.S.A § 6105.

[2] 18 Pa.C.S.A § 6106.

[3] 18 Pa.C.S.A § 6108.

plain view inside the glove compartment. The officers removed Fletcher from the vehicle and recovered a .9-millimeter Taurus firearm loaded with 16 bullets. The weapon was test-fired and proven operable.

Fletcher was arrested and charged with the aforementioned violations of the Uniform Firearms Act. On July 8, 2015, Fletcher entered an open guilty plea to all counts. The court accepted Fletcher's plea and immediately sentenced him on the section 6108 violation (possession of a firearm in public) to two years' reporting probation. The court deferred sentencing for the remaining counts under sections 6105 and 6106.

After sentencing on the section 6108 violation, but before sentencing on the remaining two counts, Fletcher filed a motion to withdraw his guilty pleas on July 20, 2015. Fletecher asserted that, while at the time he entered his plea, he felt that was the most appropriate course of action, since entering his plea he has "reconsidered his decision." Motion to Withdraw Guilty Plea, 7/20/15, at ¶ 6. Fletcher did not, however, assert that he was innocent of the charges or provide any other reason in support of withdrawal. The Commonwealth opposed withdrawal and, on November 5, 2015, the court denied the motion and proceeded to sentence Fletcher to three to six years' incarceration on the section 6105 offense, followed by three years' probation on the section 6106 charge, to be served consecutively with the two years of probation imposed for the violation of section 6108.

The court held a status-of-counsel hearing on November 12, 2015, at which time the court appointed new counsel to represent Fletcher on appeal.

Counsel filed a post-sentence motion challenging as excessive the sentence imposed for possession of a firearm prohibited. That motion was denied by operation of law on March 18, 2016. Fletcher filed a timely notice of appeal, as well as a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, Fletcher asserts that the trial court erred in denying his motion to withdraw his guilty plea with respect to the section 6105 and 6106 charges.

We begin by noting that we review the trial court's ruling on a motion to withdraw a guilty plea for abuse of discretion. Abuse of discretion occurs when the law is overridden or misapplied, the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. *Commonwealth v. Prysock*, 972 A.2d 539, 541 (Pa. Super. 2009).

"Our Supreme Court has established significantly different standards of proof for defendants who move to withdraw a guilty plea before sentencing and for those who move to withdraw a plea after sentencing." *Commonwealth v. Pardo*, 35 A.3d 1222, 1226 (Pa. Super. 2011).

> The proper standard to be used prior to sentencing is whether a fair and just reason exists. If the trial court finds any fair and just reason for the withdrawal, such withdrawal should be permitted because of the importance of an accused's rights to a trial by his peers. However, once a sentence has been imposed, an accused should be permitted to withdraw his guilty plea only "to correct a manifest injustice." *Commonwealth v. Starr*, [] 301 A.2d 592 ([Pa.] 1973). The basis for the difference between these two standards is clear. Allowing an accused to withdraw his guilty plea after imposition of sentence requires a stricter standard to prevent defendants from using a guilty plea as a tool for previewing the

sentencing by the court. Such a misuse does not occur when withdrawing a guilty plea prior to sentencing.

**Commonwealth v. Lesko**, 467 A.2d 307, 310 (Pa. 1983).

Here, Fletcher filed his motion to withdraw *after* being sentenced on one count (the section 6108 violation), but *prior to* being sentenced on the remaining two counts (section 6105 and 6106 violations). In reviewing his motion, the trial court concluded that the "post-sentence" standard should apply to all three counts.[4] However, the court also found that, even under the less stringent pre-sentence standard, Fletcher was not entitled to withdraw his plea. Because we agree that Fletcher failed to present a "fair and just" reason to withdraw his plea, we affirm.

Pennsylvania Rule of Criminal Procedure 591(A) governs pre-sentence withdrawal of a guilty plea and provides that "[a]t any time before the imposition of a sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a guilty plea[.]" Pa.R.Crim.P. 591(A). "Although, there is no absolute right to withdraw a guilty plea, properly received by the court, it is clear that a request made before sentencing should be liberally allowed." **Commonwealth v. Forbes**, 299 A.2d 268, 271 (Pa. 1973). However, a bare assertion of innocence is not a

---

[4] Because we conclude that Fletcher is unable to satisfy even the lower threshold for pre-sentence withdrawal, we need not determine whether the trial court erred in determining that the post-sentence standard should apply to Fletcher's request to withdraw his pleas to the section 6105 and 6016 violations. We are not bound by the rationale of the trial court, and may affirm on any basis. **In re Jacobs**, 15 A.3d 509, 509 (Pa. Super. 2011).

sufficient reason to require a court to grant such a request. *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1285 (Pa. 2015).

On appeal, Fletcher claims that he asserted his innocence and, thus, should have been granted leave to withdraw his plea. The record belies this assertion.

> [A] Defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Id.* at 1292.

Additionally, we note that

> So many safeguards have been imposed by law to ensure that a guilty plea is voluntarily and knowingly made, that a defendant should not be permitted to withdraw his guilty plea, even before sentencing, merely by intoning the allegation that "I am not guilty," where, as here, his plea of guilty was supported by an extensive colloquy in which the defendant expressly admitted guilt.

*Commonwealth v. Cole*, 564 A.2d 203, 207 (Pa. Super. 1989).

In his written motion to withdraw his guilty plea, Fletcher asserted the following rationale in support of withdrawal:

> 5. At the time Defendant entered the plea of guilty, Defendant felt that that course of action was appropriate and in his best interest.
>
> 6. Since the entry of the guilty plea, Defendant reconsidered his decision.

7. By way of letter to counsel dated July 13, 2015 and postmarked July 14, 2015, it appears the Defendant now wishes to withdraw his guilty plea and proceed to trial in this case.

Motion to Withdraw Plea, 7/20/15, at ¶¶ 5-7.

Fletcher failed to make even a bare assertion of innocence, much less a plausible one that would demonstrate a "fair and just" reason for withdrawal. *Carrasquillo*, *supra*. Moreover, during allocution, Fletcher merely noted his dissatisfaction with counsel and alleged fabrication of evidence by the police:

THE DEFENDANT: First, I would like to say that throughout this entire case, I've [*sic*] never was okay with my attorney's representation. I've had full and plenty letters to the Bar Association that I was betrayed of not being sent to -- made copies sent to the administrative judge, the Bar Association and I have my fiancée that is here today, to mail it for me to the Bar Association. All of that, it was never done. She listened to my attorney, always telling her that the things are okay and to talk to me and asked to have my speedy trial violation argued before I accepted the plea. He told me that Your Honor would just deny it and say judicial delay.

I have proof in black and white documents that the police officers committed perjury on the stand. I'm sure I told him that and wanted to argue that, according to police report, that the cop said on the stand and testified under oath, admittedly, that he did this and that and I have proof that he didn't do this and committed perjury, both of the cops and he – he's – it is too late for that.

N.T. Sentencing, 11/5/15, at 9-10.

As our Supreme Court has held, dissatisfaction with counsel is not a "fair and just" reason to withdraw a plea where the plea colloquy demonstrates that the defendant's plea was knowing and voluntary and where the defendant expressed satisfaction with his counsel's representation. *Commonwealth v.*

***Kerbacher***, 594 A.2d 655, 656 (Pa. 1991). Fletcher's plea colloquy demonstrates both. ***See*** N.T. Guilty Plea, 7/8/15, at 4-14.

Based upon our review of the record as a whole, we conclude that the trial court did not abuse its discretion in denying Fletcher's motion to withdraw his guilty plea where Fletcher did not plausibly assert his innocence at any point, and provided no other "fair and just" reason for withdrawal. ***Carrasquillo***, ***supra***.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/18