**[J-72B-2014]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


**CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, MCCAFFERY, STEVENS, JJ.**


| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, : | No. 6 MAP 2014 |
| : | |
| Appellant : | Appeal from the Order of the Superior |
| : | Court at No. 2695 EDA 2012 dated |
| : | 6/25/13 which vacated and remanded the |
| v. : | judgment of sentence of the Chester |
| : | County Court of Common Pleas, Criminal |
| : | Division, at No. CP-15-CR-0001350-2012 |
| : | dated 8/27/12 |
| : | |
| JAMES JOHN HVIZDA, : | |
| : | |
| Appellee : | ARGUED: September 10, 2014 |


**OPINION**


**MR. CHIEF JUSTICE SAYLOR**[1]                **DECIDED: June 15, 2015**


The issue presented concerns whether a common pleas court was required to permit withdrawal of a guilty plea, upon the defendant-appellee's assertion of innocence. The appeal is a companion case with *Commonwealth v. Carrasquillo*, ___ Pa. ___, ___ A.3d ___ (2015).

Appellee stabbed his estranged wife, Kimberly, to death. He immediately surrendered to police and confessed. Subsequently, he pled guilty to first-degree murder and possession of an instrument of crime. In exchange for the plea, the

---
[1] This matter was reassigned to this author.

Commonwealth was to recommend that Appellee would receive the mandatory sentence of life imprisonment for first-degree murder and a consecutive term of incarceration pertaining to the possessory offense.

Just over two months later, when Appellee appeared for sentencing, he advised the common pleas court that he wished to withdraw his plea, stating: "I'm here to maintain my innocence in the charge of murder in the first degree." N.T., July 9, 2012, at 3. His counsel explained:

> There needs to be a fair and just reason [in support of a motion to withdraw a plea]. As stated previously in response to Your Honor's inquiry, his fair and just reason is that he maintains his innocence on the charge of first degree murder and possessing an instrument of crime.

*Id.* at 6. The court listed the matter for hearing.

At the hearing, Appellee again stated that he was innocent, but he offered no evidence. The Commonwealth presented audiotapes of Appellee's telephone conversations from prison, in which he stated that, although he "did it" and knew that he "deserve[d] what [he was] gonna get," he wished to stand trial to "get some of the story out." N.T., Aug. 20, 2012, at 10-11. On this basis, and more generally, the Commonwealth took the position that Appellee's assertion of innocence was implausible and insincere.

The common pleas court denied Appellee's motion, applying the standard derived from *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973), which requires a court to accept a presentence withdrawal of a plea upon presentation of a fair-and-just reason, and in the absence of substantial prejudice to the Commonwealth. *See id.* at 191, 299 A.2d at 271. The court relied on *Commonwealth v. Tennison*, 969 A.2d 572 (Pa. Super. 2009), for the proposition that it had the ability to adjudge the sincerity of the innocence claim in the assessment of fairness and justice. *See*

*Commonwealth v. Hvizda*, No. 1350-2012, *slip op.* at 2-3 (C.P. Chester Aug. 22, 2012) (citing *Tennison*, 969 A.2d at 573). According to the common pleas court, the Commonwealth had "presented compelling and unique evidence to establish [Appellee's] bald assertion of innocence was at best pretextual and an attempt to manipulate the system." *Id.* at 3.

After sentencing ensued in accordance with the plea agreement, Appellee lodged an appeal. In its brief, the Commonwealth argued for the first time that the *Forbes* standard did not govern Appellee's motion. Rather, the Commonwealth observed, in *Commonwealth v. Lesko*, 502 Pa. 511, 467 A.2d 307 (1983), this Court had substituted a requirement that a defendant subject to a mandatory life sentence should establish a manifest injustice to support presentence plea withdrawal. *See id.* at 517, 467 A.2d at 310.

In a divided, memorandum decision, the Superior Court vacated the common pleas court's ruling and instructed that court to accept the plea withdrawal. The majority related that, in the *en banc* decision in *Commonwealth v. Katonka*, 33 A.3d 44 (Pa. Super. 2011), the intermediate court had explained that *Tennison* was limited to its facts and that credibility assessments relative to a defendant's claim of innocence were impermissible. *See id.* at 49-50. Accordingly, the majority determined that the common pleas court should have accepted Appellee's assertion of innocence as a fair-and-just reason in support of withdrawal.

The majority also declined the Commonwealth's invitation to apply *Lesko*. In this regard, it distinguished the case on several grounds, including because Appellee was not only required to receive a life sentence for first-degree murder but was also subject to a term of incarceration for his possessory offense, and since Appellee was subject to fines, costs, and restitutions in the discretion of the sentencing court.

Then-President Judge Stevens dissented, essentially on the basis of the common pleas court's reasoning.

The Commonwealth lodged a petition for allowance of appeal, which we accepted to exercise plenary review over the legal issues presented.

The Commonwealth first argues that *Lesko* is controlling and required the Superior Court to apply a manifest injustice standard. In the alternative, the Commonwealth contends that *Katonka*'s proscription against credibility assessments relative to innocence claims does not fairly derive from the decisions of this Court.

Appellee finds *Lesko* to be outdated, poorly reasoned, difficult to apply, and factually distinguishable. In terms of the appropriate application of the *Forbes* standard, Appellee maintains, consistent with Superior Court precedent, that his bare assertion of innocence is enough to establish a fair-and-just reason supporting presentence withdrawal of a plea.

Initially, we agree with Appellee that the *Lesko* decision is incompletely reasoned on the relevant point and should not remain controlling authority. In *Lesko*, this Court recognized the prevailing liberal standard for presentence withdrawal as established in *Forbes*. *See Lesko*, 502 Pa. at 517, 467 A.2d at 310. The Court observed, however, that the standard for post-sentence withdrawal is a stringent one, requiring the defendant to establish manifest injustice. The remainder of the *Lesko* Court's reasoning is as follows:

> The basis for the difference between these two standards is clear. Allowing an accused to withdraw his guilty plea after imposition of sentence requires a stricter standard to prevent defendants from using a guilty plea as a tool for previewing the sentencing by the court. Such a misuse does not occur when withdrawing a guilty plea prior to sentencing.

The lower court applied the "manifest injustice" standard, reasoning that the [a]ppellant was pre-advised of the only possible sentence. Therefore, the [a]ppellant's petition was akin to a post-sentencing petition. Because the [a]ppellant was well aware of *the only possible sentence imposable* for the crime to which he pled guilty, we find no error in applying the "manifest injustice" standard. In any event, applying the "fair and just reason" standard will not give the Appellant the requested relief.

*Id.* (emphasis in original).

Unfortunately, the *Lesko* Court did not discuss all of the policies underlying the *Forbes* rule. Indeed, the main reason the Court has repeatedly invoked in support of the liberal allowance of presentence withdrawal of pleas is to safeguard defendants' trial rights. *See, e.g., Commonwealth v. Santos*, 450 Pa. 492, 494-95, 301 A.2d 829, 830 (1973) ("*[S]ince guilty pleas involve the simultaneous waiver of so many constitutional rights*, we have recently emphasized 'that a request [to withdraw] made before sentencing . . . should be liberally allowed.'" (quoting *Forbes*, 450 Pa. at 190, 299 A.2d at 271 (emphasis added; footnote omitted))). Moreover, *Lesko*'s rationale centered on "sentence-previewing" is strained. While *Lesko* correctly recognized that a defendant pleading guilty to an offense triggering a mandatory life sentence has no need to preview the sentencing result (as he already knows that he will receive a life sentence at the time the plea is accepted), *Lesko* used this premise to reach the opposite conclusion of that to which it logically leads. Contrary to the *Lesko* Court's reasoning, if preventing previewing were the only reason supporting implementation of an elevated standard, there would be no reason to apply the higher standard at all to a defendant who has pled guilty to an offense triggering a mandatory life sentence.[2] *Lesko*,

---

[2] Of course, there are other justifications for the elevated standard governing post-sentence withdrawal motions, also not recognized in *Lesko*. *See, e.g., Commonwealth v. Gunter*, 565 Pa. 79, 84, 771 A.2d 767, 771 (2001) ("The different treatment of pre-
(…continued)

however, upended this logic to conclude that the liberal standard should not apply in the first instance, again, without any acknowledgement of the driving justification for liberality in the presentence period, *i.e.*, safeguarding defendants' trial rights.

We also agree with Appellee that the *Lesko* approach is problematic in its application, as it yields distinctions and variations such as are reflected in the opinion of the Superior Court majority here. Accordingly, while we recognize the importance of adhering to precedent, we disapprove *Lesko*'s idiosyncratic approach to presentence withdrawal. *See generally Ayala v. Phila. Bd. of Pub. Ed.*, 453 Pa. 584, 606, 305 A.2d 877, 888 (1973) ("[T]he doctrine of *stare decisis* is not a vehicle for perpetuating error, but rather a legal concept which responds to the demands of justice and, thus, permits the orderly growth processes of the law to flourish.").

In the companion case of *Carrasquillo*, however, we have determined that a bare assertion of innocence – such as Appellee provided as the basis for withdrawing his guilty plea – is not, in and of itself a sufficient reason to require a court to grant such a request. *See Carrasquillo*, ___ Pa. at ___, ___ A.3d at ___. Accordingly, and for the reasons set forth more fully in that case, the common pleas court did not err in denying Appellee's withdrawal motion.

The order of the Superior Court is reversed, and the matter is remanded for reinstatement of the judgment of sentence.

Former Chief Justice Castille and former Justice McCaffery did not participate in the decision of this case.

---

(continued…)
and postsentence motions reflects the tension in our jurisprudence between the individual's fundamental right to a trial and the need for finality in the proceedings.").

Messrs. Justice Eakin and Baer, Madame Justice Todd and Mr. Justice Stevens join the opinion.

Mr. Justice Stevens files a concurring opinion.