J. A19009/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                      :             PENNSYLVANIA
              v.                 :
                                        :
MICHAEL NORTON,                 :              No. 2359 EDA 2015
                                        :
            Appellant         :

Appeal from the Judgment of Sentence, August 7, 2015,
in the Court of Common Pleas of Pike County
Criminal Division at No. CP-52-CR-0000104-2013

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED MARCH 23, 2017**

Appellant appeals from the August 7, 2015 aggregate judgment of

sentence of two to six years' imprisonment imposed after he pled

***nolo contendere*** to indecent assault and corruption of minors.[1]  After

careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts and procedural history of

this case as follows:

> [Appellant] was initially charged with two (2)
> counts of Indecent Assault[] and one (1) count of
> Corruption of Minors.  [These charges stemmed from
> appellant's sexual abuse of minor female child at his
> home between September 2008 and April 2012.]  On
> November 7, 2014, which was the day of jury
> selection for the November 2014 Criminal Trial Term,

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3126(a)(7) and 6301(a)(1)(ii), respectively.

[appellant] entered into a negotiated **Nolo Contendere** Plea, pleading no contest to one (1) count of Indecent Assault and one (1) count of Corruption of Minors. The [trial c]ourt found at that time that [appellant] had voluntarily, knowingly and intelligently entered his plea. On November 19, 2014, [appellant] completed an "Adam Walsh Child Protection & Safety Act Sex Offender Colloquy[.]"[] A Sentencing Hearing was subsequently scheduled for May 7, 2015.

A little over four months after [appellant's] plea of **nolo contendere**, on March 23, 2015, [appellant] filed his Motion to Withdraw **Nolo Contendere** Plea, claiming that he maintained his innocence and could not live with himself taking a plea of **nolo contendere**. [Appellant] advanced no other reasons in his motion for withdrawal of his plea. Following a hearing on [appellant's] Motion on April 30, 2015, the [trial c]ourt granted [appellant's] Motion to Withdraw the **Nolo Contendere** Plea by Order dated May 29, 2015, based on the then prevailing case law as to the standard to apply to requests to withdraw a plea of guilty or **nolo contendere**. Th[e trial c]ourt noted, however, in its May 29, 2015 Order that two (2) cases before our Supreme Court at that time, [**Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015) and **Commonwealth v. Hvizda**, 116 A.3d 1103 (Pa. 2015)], were expected to clarify the standard in the near future. [On June 15, 2015, the Pennsylvania Supreme Court decided **Carrasquillo**.] On June 17, 2015, the Commonwealth filed its Motion for Reconsideration of the Order Allowing Withdrawal of Plea, based on clarifications issued by our Supreme Court, specifically in [**Carrasquillo**].

After careful consideration of the Commonwealth's Motion, hearing held thereon and our Supreme Court's decisions in **Carrasquillo** and **Hvizda**, **supra**, [the trial court] entered [an] Order dated June 26, 2015 whereby the Commonwealth's Motion for Reconsideration was granted. On July 2, 2015, [appellant] filed a Motion for Reconsideration

> of our June 26, 2015 Order. On August 4, 2015, th[e trial c]ourt] entered an Order denying [appellant's] Motion for Reconsideration.
>
> On August 7, 2015, th[e trial] court proceeded with sentencing, based on [appellant's] plea of **Nolo Contendere** to the counts of Indecent Assault and Corruption of Minors. The [trial c]ourt sentenced [appellant] to a period of incarceration in a State Correctional Institution of not less than two (2) years nor more than six (6) years. The sentence imposed was in accordance with the negotiated plea agreement of the Commonwealth and [appellant].

Trial court opinion, 11/17/15 at 1-3 (footnote omitted; citation formatting corrected).

On August 10, 2015, appellant filed a timely notice of appeal. On August 11, 2015, the trial court ordered appellant to file a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b). Appellant complied with the trial court's directive and filed a timely Rule 1925(b) statement on August 17, 2015. The trial court filed its Rule 1925(a) opinion on November 17, 2015.

On appeal, appellant raises the following issue for our review:

> Whether the trial court abused its discretion by granting, then denying [a]ppellant's pre-trial motion to withdraw **nolo contendere** plea when [a]ppellant maintained his innocence throughout the pendency of the matter and [a]ppellant's counsel expressed issues which would have given rise to a defense[?]

Appellant's brief at 7 (some capitalization omitted).

We recognize that appellant pled ***nolo contendere***, rather than guilty, to the charges at issue; however, "in terms of its effect upon a case, a plea of ***nolo contendere*** is treated the same as a guilty plea." ***Commonwealth v. V.G.***, 9 A.3d 222, 226 (Pa.Super. 2010) (citation omitted).

A motion to withdraw a guilty plea before sentencing is governed by Pennsylvania Rule of Criminal Procedure 591, which provides, in pertinent part, that "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, ***sua sponte***, the withdrawal of a plea of guilty or ***nolo contendere*** and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).

"When reviewing a trial court's denial of a motion to withdraw a plea of [***nolo contendere***], we will not disturb the court's decision absent an abuse of discretion." ***Commonwealth v. Lewis***, 791 A.2d 1227, 1232 (Pa.Super. 2002), ***appeal denied***, 806 A.2d 859 (Pa. 2002) (brackets in original; citation omitted). "An abuse of discretion exists when a defendant shows any fair and just reasons for withdrawing his plea absent substantial prejudice to the Commonwealth." ***Commonwealth v. Elia***, 83 A.3d 254, 261-262 (Pa.Super. 2013), ***appeal denied***, 94 A.3d 1007 (Pa. 2014) (internal quotation marks and citations omitted).

As noted, our supreme court has recently clarified its position on many of the challenges that have arisen with regard to the withdrawal of a guilty plea based upon an assertion of innocence. In ***Carrasquillo***, our supreme

court clarified that, in the pre-sentence guilty plea withdrawal context, "the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." **Carrasquillo**, 115 A.3d at 1292 (citations omitted). The **Carrasquillo** court rejected the **per se** approach to innocence claims, holding that "a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant such a request." **Id.** at 1285. Rather, the trial court retains a degree of discretion in determining whether the defendant's innocence claim "is plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." **Id.** at 1292; **see also Hvizda**, 116 A.3d at 1107.

Instantly, the trial court concluded that appellant failed to present a "fair and just reason" in support of his motion to withdraw his **nolo contendere** plea. (Trial court opinion, 11/17/15 at 4.) Relying on **Carrasquillo**, the trial court noted that appellant's "mere proclamation of innocence, in and of itself," was an insufficient basis to allow withdrawal of his **nolo contendere** plea. (**Id.** at 7.) The trial court further determined that appellant's two primary arguments, namely, that (1) he is innocent and (2) he intended to contest the Commonwealth's lack of evidence at trial, "were not novel to the post-plea proceedings of this case." (**Id.** at 8.) Rather, the trial court reasoned that "both of these assertions were certainly

known to [appellant] prior to entry of his negotiated plea and would assuredly have been considered by him and counsel in deciding to accept the plea of nolo contendere." (*Id.*)

Upon review of the record, we discern no abuse of discretion on the part of the trial court in denying appellant's pre-sentence motion to withdraw his *nolo contendere* plea. The trial court analyzed the circumstances surrounding appellant's pre-trial proceedings, his entry of a *nolo contendere* plea on the morning of jury selection, and his subsequent motion to withdraw said plea approximately four months later. (*See* trial court opinion, 11/17/15 at 4-8.) Contrary to appellant's argument on appeal, the record supports the trial court's determination that appellant failed to make a "**colorable demonstration**, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Carrasquillo*, 115 A.3d at 1292 (emphasis added).

Appellant entered a negotiated *nolo contendere* plea on November 7, 2014, and the trial court went to considerable lengths to ensure that this plea agreement was done knowingly, voluntarily and intelligently. (*See* "*Nolo Contendere* Colloquy," 11/7/14 at 9-19.) It further bears noting that as a result of his negotiated plea agreement, appellant participated in an evaluation by the Sexual Offenders Assessment Board, which ultimately determined that he met the criteria of a sexually violent predator. By appellant's own admission, this plea was a product of "nearly two (2) years

of negotiation" between the Commonwealth and appellant. (**See** appellant's brief at 15.) Moreover, at the time of his plea, more than 20 months had elapsed since appellant was charged in connection with this incident in April 2013. (**See** Criminal Information, 4/1/13.) Appellant possessed ample opportunity during this nearly two-year period to examine and weigh the evidence in this case, including the Commonwealth's evidence or lack thereof, in deciding whether to assert his innocence or "assert a viable defense to the charges" at trial. He failed to do so. Permitting withdrawal of the ***nolo contendere*** plea at this stage, based upon nothing more than appellant's mere assertion that he "cannot live with himself taking a plea to charges that he is innocent of[,]" would have resulted in substantial prejudice to the Commonwealth. (**See** "Motion to Withdraw Nolo Contendere Plea," 3/23/15 at ¶ 3.)

Accordingly, we conclude that the trial court, in light of the standard articulated in ***Carrasquillo***, acted within its discretion in denying appellant's pre-sentence motion to withdraw his ***nolo contendere*** plea.

Judgment of sentence affirmed.


Ott, J. joins this Memorandum.

Fitzgerald, J. files a Dissenting Memorandum.

J. A19009/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2017