**[J-36-2018][M.O. - Baer, J.]**

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 53 MAP 2017 |
| | : | |
| | : | Appeal from the Order of the Superior |
| Appellee | : | Court at No. 2359 EDA 2015 dated |
| | : | 3/23/17 affirming the judgment of |
| | : | sentence of the Court of Common Pleas |
| | : | Pike County, Criminal Division, at No. |
| v. | : | CP-52-CR-0000104-2013, dated 8/7/15 |
| | : | |
| MICHAEL NORTON, | : | |
| | : | |
| Appellant | : | ARGUED:  May 16, 2018 |

## CONCURRING OPINION

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  January 23, 2019**

I join the majority opinion.  Nevertheless, I also agree with several of the points crystallized by the dissent.  In particular, I agree with Justice Donohue that the decisions that I authored in *Commonwealth v. Carrasquillo*, 631 Pa. 692, 115 A.3d 1284 (2015), and *Commonwealth v. Hvizda*, 632 Pa. 3, 116 A.3d 1103 (2015), should not be taken as diminishing the liberal-allowance standard pertaining to pre-sentence plea withdrawals. *Cf. Commonwealth v. Islas*, 156 A.3d 1185, 1190 (Pa. Super. 2017) ("[N]othing in *Carrasquillo* suggests that the Court intended the pendulum to swing fully in the other direction -- from automatic grants to automatic denials of pre-sentence motions to withdraw.").  I also have some concerns about the tension inherent in attempting to

enforce the requirement of liberal allowance via the application of the high threshold imposed by an abuse-of-discretion standard.

Nevertheless, the discretionary framework is embedded in the applicable Rule of Criminal Procedure. *See* Pa.R.Crim.P. 591(A). Moreover, I am persuaded by the additional considerations delineated by the majority -- including the entry of Appellant's plea on the day of trial, the subsequent four-month delay prior to the attempted withdrawal, the common pleas court's affordance of a hearing to permit Appellant to bolster his innocence claim, and the strength of the government's case including evidence of an admission by Appellant that he had sexually abused his biological daughter over a prolonged period. These circumstances, in my view, bear on the fairness and justness of Appellant's explanation for the withdrawal, and ultimately, I am unable to discern an abuse of discretion in the court's refusal to permit it.

Justices Todd and Dougherty join this concurring opinion.