J-S05017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARK ANTHONY NIGRO | |
| Appellant | No. 954 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 28, 2021
In the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0001503-2019

BEFORE: PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:          **FILED APRIL 14, 2022**

Appellant Mark Anthony Nigro appeals from the June 28, 2021 judgment of sentence entered in the Court of Common Pleas of Dauphin County ("trial court"). On appeal, Appellant challenges only his designation as a sexually violent predator ("SVP"). Upon review, we affirm.

The facts and procedural history of this case are undisputed. Briefly, following accusations that he sexually assaulted a four-year-old girl, Appellant, in February 2021, was charged with aggravated indecent assault of child, unlawful contact with minor – sexual offenses, indecent assault on person less than 13 years of age, and corruption of minors.[1] On December 21, 2020, Appellant entered a negotiated guilty plea. Under the terms of the

---

[1] 18 Pa.C.S.A. §§ 3125(b), 6318(a)(1), 3126(a)(7), and 6301(a)(1)(ii), respectively.

plea agreement, the Commonwealth agreed to amend the charge of aggravated indecent assault of child to unlawful contact with minor – open lewdness.[2]  N.T., Guilty Plea, 12/21/20, at 2.  Appellant pleaded guilty to all charges and agreed to, *inter alia*, an aggregate sentence of 14 to 28 years' imprisonment.  ***Id.***  The trial court deferred sentencing to March 15, 2021 and directed that an assessment be completed by the Pennsylvania Sexual Offenders Assessment Board ("SOAB") to determine whether Appellant be classified as an SVP.  Sentencing, subsequently, was continued twice and rescheduled for June 28, 2021.

On April 30, 2021, the Commonwealth filed a praecipe, noticing its intent under 42 Pa.C.S.A. § 9795.4 to classify Appellant as an SVP.  The trial court scheduled an SVP hearing for June 28, 2021, the date of sentencing.  At the hearing, only the Commonwealth presented testimony when it called to the stand Dr. Robert Stein, a member of the SOAB.  The trial court summarized the testimony as follows:

> First, Dr. Stein analyzed the facts of the current offense.  He testified that the offense involved a single victim, and the Appellant did not exceed the means necessary to achieve the offense.  He further testified that Appellant's contact included penetrative sexual touching of an unrelated four (4) year old female child, which is consistent with pedophilic interest.  Dr. Stein noted that there was no unusual cruelty.
>
> Next, Dr. Stein analyzed any prior offenses of the Appellant.  He testified that Appellant's prior offenses included sexual contact with a thirteen (13) year old female in 2011.  Appellant was

---

[2] 18 Pa.C.S.A. § 6318(a)(2).

convicted and sentenced to two and a half (2 ½) to five (5) years at a state correctional institution. While incarcerated, Appellant attended and completed sex offender treatment. Dr. Stein opined that since completing treatment, Appellant would be expected to understand the risk factors associated with future offending. In 2013, Appellant was evaluated by the Pennsylvania Board of Probation and Parole which included a relapse prevention interview. Appellant identified a high-risk situation in that interview as any place where teenagers would congregate or websites that included young women. Appellant gave himself a 5 or 6 out of 10, 10 being the highest on risk to re-offend. The 2013 report further noted that Appellant should not be permitted to develop relationships with females that have children.

Dr. Stein also considered the characteristics of the Appellant. He noted Appellant was substantially older than his victim, which is also consistent with pedophilic interest. Additionally, Appellant has a history of using illegal substances, such as marijuana, ecstasy, cocaine, and hallucinogens. However, Dr. Stein noted that substance abuse was not associated with his current offense. Appellant also has a history of bipolar disorder, but there no information that his bipolar diagnosis was associated with his current offense.

Finally, Dr. Stein testified that having a prior sexual offense and having an unrelated victim are both statistically associated with risk of re-offense. He further opined that Appellant suffers from a mental abnormality, specifically pedophilia. In 2011, Appellant plead guilty to indecent assault, which required him to be assessed by SOAB. At that time, Appellant was not found to have a mental abnormality; therefore, he was not designated an SVP. However, due to the current molestation of a four (4) year old female, Dr. Stein opined that Appellant now suffers from a mental abnormality.

Pedophilia is a recognized mental disorder in the Diagnostic and Statistical Manual of Mental Disorders ("DSM") and is defined as a period of six (6) months or more of which an individual has a sexual interest in a young child. Dr. Stein conceded that he does not know exactly how long the current offense went on. However, taking into consideration his prior offense involving a thirteen (13) year old female in the earliest stages of puberty, Dr. Stein concluded that the statutory time period of six (6) months was satisfied. Dr. Stein further testified that pedophilia is not curable,

but is potentially manageable with treatment. He further opined that the pedophilia overrode Appellant's emotional or volitional control because even though Appellant already received significant consequences for his previous actions, he is still unable to control his urges.

Trial Court Opinion, 9/20/21, at 6-8 (record citations, quotation marks and brackets omitted). At the conclusion of the hearing, and based on Dr. Stein's testimony and report, the trial court determined Appellant to be an SVP and sentenced him to 14 to 28 years' imprisonment in accordance with the negotiated guilty plea.[3] The court additionally determined that Appellant was entitled to a credit of 28 months for time served. Appellant did not file any post-sentence motions, but filed this timely appeal. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, claiming, among other things, that Dr. Stein failed to assess the risk Appellant posed to engage in future sexual offenses. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant presents a single issue for our review.

[I.] Did not the Commonwealth failed to prove [Appellant's] status as a "sexually violent predator" when the Commonwealth's expert did not undergo an independent risk assessment as to the likelihood of reoffense and, instead, concluded in effect that all persons who have committed hands-on sexual offenses and who are diagnosed with pedophilic disorder, ipso facto, are "likely" to reoffend?

_____

[3] Appellant also was ordered to pay the cost of prosecution and a $1,000 fine.

Appellant's Brief at 6 (unnecessary capitalizations omitted) (emphasis in original).[4]

When considering the sufficiency of evidence supporting a trial court's SVP designation, our standard of review is as follows:

> In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015) (citation omitted), *appeal denied*, 125 A.3d 1199 (Pa. 2015). On appeal from a trial court's classification of an offender as an SVP, this Court is to review, not reweigh and reassess, the evidence. *Commonwealth v. Meals*, 912 A.2d 213, 223 (Pa. 2006). As stated, a challenge to a determination of SVP status requires us to view the evidence in the light most favorable to the Commonwealth. *Commonwealth v. Prendes*, 97 A.3d 337, 355-56 (Pa. Super. 2014) (citation omitted)[5], *appeal denied*, 105 A.3d 736 (Pa. 2014).

---

[4] A panel of this Court previously rejected this identical issue when Appellant's counsel raised it in an unrelated appeal. *See Commonwealth v. Carruthers*, No. 1957 MDA 2015, unpublished memorandum, *2 (Pa. Super. Filed July 8, 2016).

[5] *Prendes* was tacitly overruled on other grounds by *Commonwealth v. Hvizda*, 116 A.3d 1103, 1106 (Pa. 2015).

We may not weigh the evidence or substitute our judgment for that of the trial court, and our scope of review is plenary. *Id.* Further, an expert's opinion, "rendered to a reasonable degree of professional certainty, is **itself** evidence." *Id.* (emphasis in original).

We have outlined the process for determining an SVP status under the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.42, and explained it as follows:

> After a person has been convicted of an offense listed in 42 Pa.C.S.A. § 9799.14, the trial court then orders an assessment to be done by the SOAB to help determine if that person should be classified as an SVP.[6] An SVP is defined as a person who has been convicted of a sexually violent offense . . . and who has a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. In order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the defendant suffers from a congenital or acquired condition that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory. . . . Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to reoffend, an opinion about which the Commonwealth's expert is required to opine. However, ***the risk of re-offending is but one factor to be considered when making an assessment; it is not an independent element***.

---

[6] After conviction for a sexually violent offense, but before sentencing, the trial court must order the SOAB to perform an assessment to help determine whether a defendant should be classified as an SVP. 42 Pa.C.S.A. § 9799.24(a).

***Hollingshead***, 111 A.3d at 189–90 (internal brackets omitted) (emphasis added) (citing ***Commonwealth v. Stephens***, 74 A.3d 1034, 1038–1039 (Pa. Super. 2013)).

Furthermore,

When performing an SVP assessment, a mental health professional must consider the following 15 factors: whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim(s); the defendant's relationship with the victim(s); the victim(s)' age(s); whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim(s)' mental capacity(ies); the defendant's prior criminal record; whether the defendant completed any prior sentence(s); whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending. ***See*** 42 Pa.C.S.A. § 9799.24(b).

***Hollingshead***, 111 A.3d at 189-90. There is no statutory requirement that all statutory factors or any particular number of them be present or absent in order to support an SVP designation. ***Meals***, 912 A.2d at 220-23. The factors are not a checklist with each one weighing in some necessary fashion for or against SVP designation. ***Id.*** at 222. Rather, the presence or absence of one or more factors might simply suggest the presence or absence of one or more particular types of mental abnormalities. ***Id.*** at 221. Thus, while the SOAB is to examine all of the statutory factors, the Commonwealth does not have to show that any certain factor is present or absent in a particular case. ***Id.***

Rather, the question for the trial court is whether the Commonwealth's evidence, including the SOAB's assessment, demonstrates that the person convicted of a sexually violent offense has a mental abnormality or disorder rendering that person likely to engage in predatory sexually violent offenses. ***Commonwealth v. Feucht***, 955 A.2d 377, 381 (Pa. Super. 2008).

Instantly, the crux of Appellant's argument is that the evidence presented by the Commonwealth was insufficient to sustain an SVP designation. Specifically, Appellant argues that the definition of SVP contains three (3) separate and distinct elements—(1) mental abnormality; (2) predatory act; and (3) an independent assessment, using the factors set forth above in Section 9799.24(b), that there is a likelihood of re-offense—and that Dr. Stein did not undergo an assessment of the risk of re-offense as an independent element of the definition. This argument lacks merit, as it is not supported by law. As we repeatedly have made clear, "the risk of re-offending is merely a factor to be considered in making an SVP determination, and not an independent element." ***Stephens***, ***supra*** at 1039; ***see Commonwealth v. Dixon***, 907 A.2d 533, 537, 539 (Pa. Super. 2006) (explaining that "every Commonwealth expert who testifies that an individual is an SVP must examine, and render an opinion on, whether the individual is likely to re-offend. [However], the precise manner of meeting this burden is not analyzed in terms of a strict, three-prong test" because neither this Court nor our Supreme Court "has set out the SVP standard in terms of three distinct elements"), ***appeal denied***, 920 A.2d 830 (Pa. 2007); ***accord***

*Commonwealth v. Geiter*, 929 A.2d 648, 651 (Pa. Super. 2007), *appeal denied*, 940 A.2d 362 (Pa. 2007).

Instantly, Dr. Stein thoroughly considered and assessed Appellant's risk of re-offending. In reviewing Dr. Stein's report and testimony, the trial court concluded:

> What is most significant to this court is the fact that Appellant "successfully" completed sex offender treatment after being convicted of a prior sexual offense. In 2013, Appellant self-identified that a high-risk situation for him involved congregation of young adolescent females and was warned not to develop relationships with females who have children. Despite his completion of sex offender treatment and knowing that he should not develop relationships with females who have children, Appellant did exactly that. He befriended a woman who had a four (4) year old female child. Appellant periodically stayed overnight at their house where he abused their child.

Trial Court Opinion, 9/20/21, at 8. As the foregoing demonstrates, Appellant not only is likely to re-offend, he in fact re-offended, despite undergoing treatment and serving time in prison. Accordingly, viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we agree with the trial court's determination that the Commonwealth presented sufficient evidence to establish that Appellant be classified as an SVP.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>04/14/2022</u>