J-A24019-24

2025 PA Super 3

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ALONZO R. FLACKS :
:
Appellant : No. 2089 EDA 2023

Appeal from the Judgment of Sentence Entered April 11, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002076-2021

BEFORE:  LAZARUS, P.J., KING, J., and LANE, J.

OPINION BY KING, J.: **FILED JANUARY 09, 2025**

Appellant, Alonzo R. Flacks, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his non-jury trial convictions for rape of a child, involuntary deviate sexual intercourse with a child, statutory sexual assault, aggravated indecent assault of a child, unlawful contact with a minor, and other related offenses.[1]  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> Circa 2016, [Appellant] began sexually abusing his nine-year-old step-niece, A.S.[.]  [Appellant]'s brother is A.S.'s stepfather.  [Appellant]'s abuse began shortly after A.S.'s mother and stepfather married.  [Appellant], then 22-years-old, came to live with his brother and new in-laws.  These included A.S., A.S.'s mother, and A.S.'s four younger brothers.  Over the next approximately three years, [Appellant] repeatedly forced A.S. to engage in various

_____

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3122.1(b), 3125(b), and 6318(1), respectively.

sexual acts. Relevant to this appeal is one instance in which [Appellant] pushed A.S.'s head down roughly, forced his penis inside of her mouth, and commanded her to perform oral sex on him.

[Appellant]'s sexual abuse persisted even after the family moved to another address in Philadelphia, and [Appellant] no longer lived in the same house as A.S. In 2019, [Appellant]'s abuse came to light. [Appellant] was arrested and charged with, *inter alia*, rape of a child, involuntary deviate sexual intercourse … with a child, and statutory sexual assault. [Appellant] elected a bench trial and, on September 7, 2022, was found guilty by [the trial court] of the [above-mentioned offenses].

(Trial Court Opinion, filed 10/26/23, at 1-2) (internal citations omitted).

On April 11, 2023, the court conducted a hearing to determine whether Appellant was a sexually violent predator ("SVP"). The Commonwealth presented Dr. Barbara Ziv from the Sex Offender Assessment Board ("SOAB") to testify as an expert in forensic psychiatry. Dr. Ziv testified that she has been a member of the SOAB since 2000 and has conducted over 1,000 evaluations on convicted sex offenders. In conducting her evaluation, Dr. Ziv reviewed, *inter alia*, the trial record in this case, police records, prior criminal records, and juvenile delinquency records from Camden County, New Jersey. Appellant objected to any discussion of the New Jersey juvenile records on the ground that the records were not certified, and as such, the records were impermissible hearsay. The Commonwealth responded that the juvenile records were provided to Dr. Ziv by the Camden County Court. The Commonwealth further noted that Dr. Ziv is permitted to rely on hearsay in conducting her evaluation and she was permitted to testify as to how the

records were relevant to her assessment and conclusions. The court overruled Appellant's objection and permitted Dr. Ziv to continue testifying.

Dr. Ziv opined that Appellant exhibited predatory behavior. In support of this conclusion, she noted that Appellant sexually assaulted a child between the ages of 8 and 12 who was not emotionally or legally old enough to consent to sexual activity. Additionally, Appellant used his position as a family member to sexually victimize the child. Dr. Ziv also found that Appellant exceeded the means necessary to achieve the offense and displayed unusual cruelty by pushing the child's head down hard and forcing her to perform oral sex. Dr. Ziv further opined that Appellant met the criteria for pedophilia. She based her conclusion on the young age of the victim, the duration of the abuse, and the nature of the sexual assaults Appellant committed. Dr. Ziv found it significant that Appellant had a history of sexual offense from when he was 17 years old. She noted that Appellant pled guilty to endangering the welfare of a minor, for which the underlying claims were of a sexual nature. She also found it significant that Appellant previously participated in sex offender treatment prior to committing the current offense, indicating a higher risk of reoffending. Based on her evaluation, Dr. Ziv concluded that Appellant met the statutory criteria for an SVP designation.

On cross-examination, Dr. Ziv acknowledged that the New Jersey juvenile records were a factor in her evaluation and conclusion, but did not agree that those records constituted a "major" factor or that she "heavily" relied on the records in drawing her conclusion. She confirmed that the

records did not include transcripts of court proceedings, and she was thus unaware of the facts that Appellant admitted when he pled guilty to endangering the welfare of a child. When Dr. Ziv testified that she was unaware if the records were certified, Appellant introduced the juvenile records as Exhibit D-1. After looking at the exhibit, Dr. Ziv agreed that there was no indication that the records were certified by a New Jersey court. The juvenile records were later admitted into evidence as Exhibit D-1.

Following argument, the court designated Appellant as an SVP. The court immediately proceeded to sentencing and sentenced Appellant to an aggregate term of 10 to 20 years' incarceration. Appellant timely filed a post-sentence motion on April 17, 2023, which was denied by operation of law on August 15, 2023. On the same day, Appellant timely filed a notice of appeal. On August 18, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied on September 26, 2023.

Appellant raises the following issue for our review:

> Did the [trial] court err and abuse its discretion at the SVP hearing when it admitted uncertified records indicating New Jersey previously adjudicated [Appellant] a juvenile delinquent for child endangerment—as well as the prosecution expert's report and opinion relying on those uncertified records—in violation of the rule against hearsay and [Appellant's] due process rights?

(Appellant's Brief at 4).

Appellant contends that the Commonwealth failed to establish that Dr. Ziv could rely on the uncertified New Jersey juvenile records in her evaluation

- 4 -

because Dr. Ziv did not testify that the records were of the type that are typically relied upon for SVP evaluations. Appellant argues that the records constituted impermissible hearsay, and the court erred in allowing Dr. Ziv to testify about them. Appellant further contends that the inadmissible records were integral to Dr. Ziv's opinion and as such, Dr. Ziv's report was also inadmissible due to her reliance on the hearsay records. Additionally, Appellant alleges that the court erred in admitting the juvenile records into evidence as substantive evidence. Appellant claims that the court improperly relied on the records for the truth of the matters stated therein. Appellant concludes that the court erred by admitting and considering impermissible hearsay evidence, and this Court should vacate the SVP finding and remand for a new hearing. We disagree.

"As a general rule, this Court's standard of review of a trial court's evidentiary ruling ... is limited to determining whether the trial court abused its discretion." **Commonwealth v. Dengler**, 586 Pa. 54, 65, 890 A.2d 372, 379 (2005) (citation omitted). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Id.** (citation omitted).

"In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]." **Commonwealth v. Hollingshead**, 111 A.3d

186, 189 (Pa.Super. 2015), *appeal denied*, 633 Pa. 763, 125 A.3d 1199

(2015) (citation omitted). "SVP" is defined as:

> A person who has been convicted of a sexually violent offense … and who is determined to be a [SVP] … due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. In order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the defendant suffers from a congenital or acquired condition … that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory. Predatory conduct is defined as an act directed at a stranger or at a person with whom a relationship has been instituted, established, maintained, or promoted, in whole or in part, in order to facilitate or support victimization. Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to re-offend, an opinion about which the Commonwealth's expert is required to opine. However, the risk of re-offending is but one factor to be considered when making an assessment; it is not an "independent element."

***Commonwealth v. Leatherby***, 116 A.3d 73, 84-85 (Pa.Super. 2015)

(quoting ***Commonwealth v. Stephens***, 74 A.3d 1034, 1038-39 (Pa.Super.

2013)).

SOAB evaluators must consider the following factors when performing

SVP assessments:

> (1) Facts of the current offense, including:
>
> (i) Whether the offense involved multiple victims.

(ii)     Whether the individual exceeded the means necessary to achieve the offense.

(iii)    The nature of the sexual contact with the victim.

(iv)    Relationship of the individual to the victim.

(v)     Age of the victim.

(vi)    Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii)   The mental capacity of the victim.

**(2)     Prior offense history, including:**

**(i)     The individual's prior criminal record.**

**(ii)    Whether the individual completed any prior sentences.**

**(iii)   Whether the individual participated in available programs for sexual offenders.**

(3)     Characteristics of the individual, including:

(i)     Age of the individual.

(ii)    Use of illegal drugs by the individual.

(iii)   A mental illness, mental disability or mental abnormality.

(iv)    Behavioral characteristics that contribute to the individual's conduct.

(4)     Factors that are supported in sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9799.58(b) (emphasis added).

In evaluating what information a SOAB expert may consider for the SVP evaluation, this Court has held:

> [A] SOAB expert opinion falls within the general rules regarding expert witnesses. As such, a SOAB expert's opinion may be based on facts or data that the expert has been made aware of or personally observed so long as experts in the particular field reasonably rely on those kinds of facts or data in forming an opinion on the subject; the facts or data consulted need not be admissible for the expert's opinion to be admitted. *See* Pa.R.E. 702, 703[.] ... The SOAB expert must state the facts or data on which the opinion is based. *See* Pa.R.E. 705 and Comment (explaining otherwise inadmissible facts and data supporting expert opinion are considered only to explain the basis for an expert's opinion, not as substantive evidence). Then, the rules of evidence place the full burden of exploration of facts and assumptions underlying the testimony of an expert witness squarely on the shoulders of opposing counsel's cross-examination. ... Opposing counsel bears the burden of exposing and exploring any weaknesses in the underpinnings of the expert's opinion.

***Commonwealth v. Aumick***, 297 A.3d 770, 781 (Pa.Super. 2023) (*en banc*) (quoting ***Commonwealth v. Prendes***, 97 A.3d 337, 360 (Pa.Super 2014), *overruled on other grounds by* ***Commonwealth v. Hvizda***, 632 Pa. 3, 116 A.3d 1103 (2015)).

Additionally, "in the context of an SVP hearing, the judge is not tasked with evaluating the veracity of the facts underlying the expert's testimony." ***Id.*** at 782. The evidence presented to support the basis of a SOAB expert's opinion "at an SVP hearing are not being offered for the truth of the matter asserted, as would be the case in a true hearsay scenario. Instead, they constitute information, gleaned from records which are reasonably relied on

in SOAB evaluations, that is presented to the trial court solely to supply the basis for the expert's opinion in accordance with our Rules of Evidence." ***Id.*** Therefore, "the otherwise inadmissible facts reasonably relied upon by [the SOAB expert] to explain the basis of her opinion … do not constitute substantive evidence." ***Id.*** However, "an expert's opinion which is rendered to a reasonable degree of professional certainty is, itself, substantive evidence." ***Id.***

Instantly, Dr. Ziv testified that she reviewed the New Jersey juvenile records as part of her evaluation and that they were a factor in her conclusion. As such, Dr. Ziv was permitted to testify to the contents of the New Jersey records insofar as it formed a basis for her opinion. ***See Aumick, supra***. Appellant claims that any mention of the records was inadmissible because Dr. Ziv did not specifically testify that these records were of the type reasonably relied upon by SOAB experts. However, Section 9799.58(b) instructs SOAB experts that they must consider an individual's prior offense history, including the individual's prior criminal records and prior participation in sex offender treatment. The New Jersey records contained information about Appellant's juvenile adjudication, based on underlying allegations of a sexual nature, and Appellant's prior participation in sex offender treatment. Thus, Dr. Ziv was statutorily required to review such information in her SVP evaluation. As such, there is no merit to Appellant's claim that the New Jersey court records are not the type of documents that are reasonably relied upon

by SOAB experts in an SVP evaluation. Therefore, the court did not abuse its discretion by overruling Appellant's objection to any mention of the juvenile records.[2] *See Dengler, supra*.

Additionally, Appellant claims that the court impermissibly relied on the juvenile records as substantive evidence in its determination. Nevertheless, the record does not support this assertion. Dr. Ziv testified to some of the contents of the New Jersey records because they were a factor in her evaluation. Such testimony was not presented for the truth of the matter asserted but to explain the basis of Dr. Ziv's opinion. *See Aumick, supra*. Nothing in the record indicates that the court impermissibly considered the testimony about the juvenile records beyond the purpose for which they were admitted. Additionally, Appellant introduced the juvenile records into evidence while cross-examining Dr. Ziv for the limited purpose of establishing that the records were not certified by a New Jersey court. Again, there is no indication that the court considered the records in any manner beyond the purpose for which Appellant introduced them. To the extent that Appellant is claiming the court erred in admitting the records into evidence, we note that Appellant is the party who introduced the records into evidence. Appellant cannot now claim that the court erred in admitting evidence that he himself

---

[2] As to Appellant's objection that Dr. Ziv could not rely on the New Jersey records because they were uncertified, this claim goes to the weight of Dr. Ziv's report, not its admissibility. *See Aumick, supra.*

introduced.[3]   On this record, we cannot say that the court impermissibly considered hearsay evidence as substantive evidence in its determination. Rather, the court relied on Dr. Ziv's opinion and report to conclude that Appellant met the criteria to be designated as an SVP.   As such, we discern no error in the court's designation of Appellant as an SVP.   Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/9/2025

---

[3] To the extent that Appellant did not intend for the records to be moved into evidence, Appellant did not object when the court stated on the record that it accepted D-1 into evidence.  As such, Appellant has waived any such claim. *See* Pa.R.A.P. 302(a) (stating: "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal").