J-A12014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLEN SEARS | : | |
| | : | |
| Appellant | : | No. 1211 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 21, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0003708-2015

BEFORE: STABILE, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 29, 2025**

Appellant, Allen Sears, appeals from the judgment of sentence entered on April 21, 2016, in the Court of Common Pleas of Philadelphia County. Upon review, we affirm.

The trial court summarized the relevant background of the instant appeal in its October 28, 2024, opinion. *See* Trial Court Opinion, 10/28/24, at 1-2. Briefly, on April 21, 2016, Appellant entered a negotiated guilty plea to third degree murder, robbery, and possessing instruments of crime. On the same day, the trial court sentenced Appellant to an aggregate term of imprisonment of 27 to 55 years. No post-sentence motions or appeal were filed.

On April 18, 2017, Appellant filed a timely Post-Conviction Relief Act petition requesting *nunc pro tunc* reinstatement of his right to file a direct appeal. Eventually, on November 16, 2023, the PCRA court granted

Appellant's PCRA petition, reinstating Appellant's right to file post-sentence motions and the right to file an appeal *nunc pro tunc*.

On November, 27, 2023, Appellant filed a post-sentence motion to withdraw his guilty plea. On March 27, 2024, the post-sentence motion was denied by operation of law. This appeal followed.

At issue here is the trial court's denial of Appellant's post-sentence motion to withdraw his guilty plea. Appellant argues that he did not tender his guilty plea knowingly, intelligently, voluntarily, and understandingly. Appellant's Brief at 4. We disagree.

> It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice.

> * * * *

> Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

***Commonwealth v. Hart***, 174 A.3d 660, 664-65 (Pa. Super. 2017) (internal citations and quotation marks omitted). The law imposes a stricter standard for post-sentence withdrawal motions in order to balance "the tension . . .

- 2 -

between the individual's fundamental right to a trial and the need for finality in the proceedings." ***Commonwealth v. Gunter***, 771 A.2d 767, 771 (Pa. 2001); ***Commonwealth v. Hvizda***, 116 A.3d 1103, 1106 n.2 (Pa. 2015). Moreover, "a defendant is bound by the statements [that] he makes during his plea colloquy." ***Commonwealth v. Barnes***, 687 A.2d 1163, 1167 (Pa. Super. 1996) (citations omitted). Thus, a defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty," and he may not recant the representations he made in court when he entered his guilty plea. ***Id.*** (citation omitted). Finally, the law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently. ***See Commonwealth v. Moser***, 921 A.2d 526, 528-29 (Pa. Super. 2007).

A review of the record confirms that Appellant's decision to plead guilty was indeed knowingly, voluntarily, and intelligently. Throughout the guilty plea colloquy, Appellant clearly showed that he understood what he was doing and the ramifications of his guilty plea. N.T. 4/21/16, at 4-33.

Appellant's mental health history also was addressed during the colloquy. ***Id.*** at 12-15. Defense counsel acknowledged that Appellant had been examined by a psychiatrist, that "the principal problem [the psychiatrist saw in Appellant] was chronic schizophrenia," ***id.*** at 15, and that Appellant took medications to address all his mental issues. ***Id.*** Defense counsel asked Appellant if the medications affected his ability to plead. ***Id.*** at 14. In

response, Appellant stated that the medications did not hamper his ability to understand what he was doing at the guilty plea hearing. *Id.*

In his brief, Appellant points to the evidentiary hearing held on June 17, 2021, as evidence that his plea was not voluntary. Specifically, Appellant points to his testimony where he stated that at the time of the guilty plea he "wasn't on [his] medications, so [he] wasn't thinking clearly." *See* Appellant's Brief at 17 (citing N.T. 6/17/21, at 10).

A major problem presents with his June 17, 2021, testimony, as it conflicts with Appellant's own statements made at the time of the guilty plea. To the extent that Appellant tries now to recast what he said/understood at the time of the guilty plea hearing, it well-established that defendants are bound by their own statements made during a plea colloquy and may not successfully assert claims that contradict those statements. *See*, *e.g.*, *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002); *Barnes*, *supra*. Moreover, Appellant's claim that he did not recall what he said at his guilty plea hearing that was inconsistent with what he stated at his June 17, 2021 hearing, does not establish that his prior plea was not done knowingly, voluntarily, and intelligently. *See* N.T. 6/17/21, at 16-22.

In light of the foregoing, we conclude that Appellant failed to overcome the presumption that he was not aware of what he was doing when he pled guilty. *Hart*, *supra*. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/29/2025</u>